TUCKER vs. THE ATLANTA STREET RAILROAD COMPANY.

1. There is nothing in the general grounds of the motion for a new trial in this case.
2. Although a charge of the court excepted to, if taken alone, may be objectionable, yet if, when considered in the light of the whole charge, it is harmless, it will not constitute an error which will require a reversal.

March 23, 1886.

Charge of Court. New Trial. Before Judge CLARKE. City Court of Atlanta. September Term, 1885.

Thomas T. Tucker brought an action against the Atlanta Street Railroad Company to recover damages for a personal injury. The declaration alleged that the plaintiff, desiring to go from one point on the line of the defendant's road to another, signaled a car; that the driver stopped, "and that, as petitioner was stepping upon the platform of said car, the said James Michael, driver, as aforesaid, struck one of the horses attached to and drawing said car a violent blow with his whip, causing the horses to make a sudden and quick plunge, and jerking the car and platform from beneath petitioner, and by which gross negligence and carelessness of said company, by its agent and employé, James Michael, petitioner was precipitated upon

and violently thrown down against the Belgian rock pavement," etc.

The evidence for the plaintiff tended to support the allegations in the declaration. He admitted that he had been drinking some, and had a habit of drinking—sometimes getting drunk, but denied being drunk then. He testified that as he " struck the car and got up," a lady in the ·car said, " Don't let the drunken man get on there," and that the driver struck his horses, and they moved foiward with a jerk, throwing the plaintiff off against the ground and seriously injuring him. Another witness testified that the driver said, " I don't want that drunk man on here," and struck the horses. There was other testimony as to the plaintiff's apparent soberness.

The evidence on behalf of the defendant was, in brief, as follows: The car was stopped about eight P. M. by a whistle given as a signal. Two men, the plaintiff and a negro, came from the sidewalk towards the car. Both were staggering and apparently drunk. When the plaintiff was about six or eight feet from the car, a lady passenger said, " Driver, don't let those men get on here; they are drunk." The driver then started his horses, and left the plaintiff standing in the street. The latter had not reached the car when it moved on. It was contrary to the rules of the company to let drunk men get on the cars. The plaintiff was drunk the next morning, and wandered around among the horses in the street-car stables until asked to leave. After he drove on, the driver stated that he did not know how the plaintiff was hurt. The driver was a careful man, the horses gentle, and the car in good condition.

The jury found for the defendant. The plaintiff moved for a new trial on the following grounds :

(1), (3.) Because the verdict was contrary to law and evidence and against the weight of the evidence.

(4.) Because the court erred in charging as follows: "A man becomes a passenger on a car whenever he enters the

car for the purpose of being carried by it, or steps upon its platform, intending to enter. Now, in this case, if you believe from the evidence that the plaintiff here did enter the car of the defendant, or stepped upon its platform for the purpose of entering it and being carried by it, he then became a passenger, and had the rights of a passenger," thus excluding from the jury the consideration of plaintiff's case that he was a passenger and entitled to the rights of a passenger if he had placed his foot or feet upon the steps of the platform of the car, as alleged in plaintiff's declaration. [The court charged also as follows: " Now, in this case, if you believe from the evidence that the plaintiff here did enter the car of the defendant, or stepped upon its platform for the purpose of entering it and being carried by it, he then became a passenger and had the rights of a passenger. If, having become a passenger, he was injured on the car, and there was any lack of the diligence required by the law of the defendant, then the plaintiff would have the right to recover. I mean the diligence that I have defined to you. If, on the other hand, you believe from the evidence that he did not enter the car, or did not step upon its platform, but that when the injury, or whatever it was, occurred to him, he was approaching the platform, that he was in a state of intoxication, and that the driver, discovering that, drove off and left him in the street, he would have no right to recover, and it would be your duty to find for the defendant."]

(5.) Because the court refused to charge as follows: " That if the plaintiff had reached the car of defendant, and had placed his foot or feet on the steps of the car, intending and endeavoring to enter the car and was, by the act of defendant, prevented from entering the car, the plaintiff in such case would be in law a passenger."

The motion was overruled, and the plaintiff excepted.

W. M. BRAY; HULSEY & BATEMAN, for plaintiff in error.

HOPKINS & GLENN, for defendant.

BLANDFORD, Justice.

The plaintiff having made a motion for a new trial on several grounds, the same was denied by the court below, and he excepted and brings the case here.

1. The first three grounds of the motion are merely the general grounds, and we do not think that there is anything in them.

2. The fourth ground is, that the court erred in giving the liability of railroad companies for injuries done to passengers, and as to who are passengers, and that this charge restricted the jury to this alone and withheld the consideration of the jury as to the liability of such companies for injuries done by their negligence to those who were in the act of becoming passengers and boarding their cars. Looking at this exception to this part of the charge, it appears to be obnoxious to the objection of plaintiff, although the principles of law are correctly stated; but when the part of the charge excepted to is taken and considered in connection with the entire charge as found in the record, it is not obnoxious to the objections made. The charge complained of is favorable to the plaintiff, and the entire charge is a full statement of the contentions of the parties as made by the pleadings and evidence submitted by them, and the law is fully and fairly stated by the court which is applicable thereto. So that when one part of a charge is excepted to, and taken alone may be objectionable, yet when it is considered in the light of the whole charge it is harmless, this will not constitue reversible error.

Judgment affirmed.