### ALMOND *vs.* GAIRDNER & ARNOLD.

1. Where the creditor of a husband was seeking to subject property which was claimed by the debtor's wife, on the ground that the conveyance by the husband to the wife was made to hinder, delay and defraud creditors, and where there was evidence to show, or from which the jury might infer, that the conveyance from the husband to his wife was without consideration, it was proper for the court to give in charge the law in reference to voluntary conveyances and their effect upon the rights of creditors.

2. On the trial of such an issue between a creditor and the wife of the debtor, involving the *bona fides* of the parties and the transfer of the property directly or indirectly from the husband to his wife, a deed and mortgage connected with or growing out of the transaction which resulted in the conveyance from the husband to the wife, which was in issue, threw light upon the dealings between the debtor and his wife, and were admissible in evidence, although the deed was made some months after the conveyance of the property directly in dispute.

3. No impropriety appears in the fact that the court said to counsel for claimant that he and the court agreed as to the law of the case, and that there was no difference on that subject between counsel for the contending parties; nor does it appear how such remarks could have improperly influenced the jury.

4. Although one sentence of a charge, if taken alone, may have seemed to require that the consideration of a conveyance from a husband to his wife must be adequate, in order to sustain a claim to the property against his creditor, yet if, when taken in connection with its context, it appears that such was not the rule laid down, but that the court charged that gross inadequacy of consideration, if it existed, was a badge of fraud and a circumstance that the jury might consider in determining whether the conveyance to the claimant was fair and honest or was fraudulent, and also charged that if the husband, *bona fide* and for a valuable consideration, conveyed the land in dispute to his wife in payment, or part payment, of an indebtedness to her, and if the consideration was fair and just, they would find for the claimant, this furnishes no ground for a reversal.

(*a.*) There was sufficient evidence to sustain the verdict.

April 6, 1886.

Husband and Wife. Debtor and Creditor. Charge of Court. Fraud. Evidence. Before Judge LUMPKIN. Elbert Superior Court. September Term, 1885.

Reported in the decision.

T. C. CARLTON, by J. H. LUMPKIN; A. G. McCURRY, for plaintiff in error.

JOSEPH N. WORLEY; JOHN P. SHANNON, for defendant.

HALL, Justice.

There was enough evidence to sustain the verdict, which the claimant seeks by this bill of exceptions and writ of error to set aside, and this disposes of all the grounds taken in her original, and the first ground of her amended motion for a new trial, which was refused by the superior court. She insists, however, upon the remaining grounds in her amended motion, which are as follows:

(1.) That the court erred in charging the law upon the subject of voluntary conveyances, as set forth in section 1952, sub-section 3, of the Code, because there was no evidence to authorize such a charge.

(2 ) That there was error in the following charge, viz.: " Gross inadequacy of consideration, if it exists, is a badge of fraud and a circumstance which may be considered by the jury in determining whether the conveyance to Mrs. Almond (the claimant) was fair and honest or pretended and fraudulent. Transactions between husband and wife should be scanned carefully when the rights of creditors are to be affected thereby. The law requires them to exercise good faith, and you should be satisfied that they have done so before sustaining any transaction which would defeat a creditor in the collection of his debt. You should be satisfied of the actual existence of a just debt due by Mr. Almond" (the claimant's feoffor of the land in controversy) " to his wife" (the claimant), " and that it was the consideration of the deeds to her; and that the consideration was not inadequate before you would be authorized to sustain the title against creditors. All dealings between husband and wife, which are injurious to creditors, should be scrutinized closely and their *bona fides* must be clearly established, and in such cases, the burden of proof is on them as to this."

The error specially assigned seems to be to the latter part of this charge, and is that its effect was to make mere inadequacy of consideration, however slight, invalidate the deed.

(3.) That there was error in stating to claimant's counsel in the presence and hearing of the jury, while pressing on the court his view, that "we agree as to the law of the case", thereby meaning that he and the court agreed, and that there was no difference on that subject between counsel for the contending parties.

(4.) There was error in admitting testimony relative to the deeds from Swift Brothers to claimant, which was

made nine months subsequently to the transaction concerning the land in dispute; and also in admitting testimony concerning the Bowman mortgage, it not being connected with the conveyance of the land in dispute, and the evidence, as we must assume, having been objected to for the reasons above stated.

To a clear comprehension of the questions made by the several grounds of this motion, it will be necessary to refer briefly to the main facts as presented by the evidence adduced by the contending parties. The plaintiffs insist that, when the credit was extended by them to Almond, he was the owner of considerable property; that owing to some dispute between them, Almond refused to pay their claim, saying that, if they ever got it, they would do so at the end of the law; that before they obtained judgment against him, his entire estate, except just enough to lay a homestead on, had been either directly or indirectly conveyed to his wife; that the consideration for the deeds from him to her was fictitious; that, although she had once been his creditor, the notes he gave her for the debt, and the debt itself was barred by the statute of limitations; and that they had been drawn from their hiding-place and resuscitated to form the basis of, and to give color to, a deliberately-planned scheme to delay, hinder and defraud his creditors, to which his wife had been a party; that although the conveyance from Swift Brothers was to her, the consideration for it was paid by him from the income of the property which he had conveyed to her without consideration, at least, without adequate consideration, and with fraudulent intent; so likewise of the Bowman mortgage, which he was seeking to have transferred to her at its full face value, although it had in large part been extinguished by his own means; so likewise of another judgment and execution which had been assigned to her; that each of these transactions was a part of the entire scheme, and was connected with and grew out of it; that even if there was a consideration for the first con-

Almond vs. Gairdner & Arnold.

veyance to him and his wife, it was grossly inadequate, and admitting the validity of the notes given by him to her, and which, after being barred by the statute, were revived, yet she got for them in his property double their value.    The claimant controverted these facts, and denied the inferences drawn from them by her opponents, and evidence was not wanting to sustain the widely differing assumptions of each of the contestants; in short, the evidence was so conflicting that a verdict for either of the parties could not have been set aside, because it was either unsupported by or decidedly and strongly against the weight of the evidence, or without evidence to sustain it.

1. There being evidence to show, or from which the jury might infer, that the conveyance from husband to wife was without consideration, the court was not only justified, but required, to give in charge the law in reference to voluntary conveyances and their effect upon the rights of creditors.

2. There was enough to show that the conveyance from Swift Brothers to claimant was connected with and grew out of the transaction resulting in the conveyance directly from the husband to the wife, though it was subsequent in time; and the same is true, though perhaps in less degree, of the testimony relative to their dealings with the Bowman mortgage.    Each of these incidents shed light on the transaction, and served to characterize the dealings between the conjugal pair.    There was, therefore, no error in admitting the evidence and in overruling claimant's objection thereto, that it was not shown to be connected with the conveyance of the land in dispute from defendant in execution to the claimant.

3. The exception taken to the colloquy between the judge and counsel, relative to the law applicable to the case, was not urged on the hearing before this court; and had it been, it would have been attended with no advantage to her, as we are unable to perceive the slightest im-

propriety in the remarks of the court to the counsel, or how they could have improperly influenced the jury.

4. Claimant's counsel did not contend that the instructions given the jury, relative to the inadequacy of consideration and the effect it would have upon the *bona fides* of the transaction as regards the right of creditors, or to the care and scrutiny which should be given to dealings between husband and wife, where the rights of creditors were involved, were erroneous. He admitted, as he was obliged to do, that such instructions correctly stated the law, but he insisted that it made mere inadequacy of consideration, however slight, sufficient, without more, to invalidate and set aside the conveyance of the property from the defendant in execution to the claimant; and if the particular sentence to which exception is taken could be separated from the balance of the charge, and could be considered as broadly laying down the proposition that the consideration of the claimant's deed must be adequate, to authorize the jury to sustain her title against creditors, then it would have been amenable to the objection. But such is not the case. The application of the principle was properly limited and restrained by other portions of the particular charge complained of, which stated in terms that "gross inadequacy of consideration, if it existed, was a badge of fraud and a circumstance that the jury might consider in determining whether the conveyance to claimant was fair and honest or pretended and fraudulent;" and in immediate connection other circumstances were pointed out to guide them to a proper conclusion. But this is not all that this record discloses. The judge had previously charged the jury, if they believed from the testimony that at the time of claimant's marriage to defendant in execution she had money of her own, and that subsequently to her marriage she inherited money from her relatives, that all of it, until disposed of by her, would remain her separate estate, notwithstanding her coverture; and if they further believed that she loaned the money to her husband,

and he subsequently, *bona fide* and for a valuable consideration, conveyed the land in dispute to her in payment, or part payment, of this indebtedness, and that the consideration was fair and just, they should find for the claimant. In one of the grounds of her motion for a new trial, this charge is adopted and insisted on as stating the law correctly, and she alleges, as a reason for setting aside the verdict, that it was disregarded by the jury. The portion of the charge to which she makes objection gives the law applicable to the plaintiff's view of the case. Taking the entire charge and applying it to different aspects as presented by the evidence, we feel bound to conclude that the case was fully and fairly submitted to the jury. We think, too, that their finding was sustained by the proof, and must, therefore, order the judgment affirmed.