## WATSON *v.* AUGUSTA BREWING COMPANY.

1. A manufacturer who makes and bottles for public consumption a beverage represented to be harmless and refreshing is under a legal duty not negligently to allow a foreign substance which is injurious to the human stomach, such as bits of broken glass, to be present in a bottle of the beverage when it is placed on sale; and one who, relying on this obligation, and without negligence on his own part, swallows several pieces of glass while drinking the beverage from a bottle, may recover from the manufacturer for injuries sustained in consequence.
2. One who, under the circumstances stated in the preceding headnote, swallows several pieces of glass, which are subsequently removed from his stomach, leaving apparently no permanent injuries, may recover on account of mental suffering caused by the fear of death while the glass was in his stomach; but a vague fear, after the removal of the glass, and he has been restored to health, that at some time in the future he may again suffer as a result of his injuries can not be made an element of damage in a suit against the manufacturer of the beverage.

Submitted October 11,—Decided November 9, 1905.

Action for damages. Before Judge Hammond. Richmond superior court. August 17, 1905.

The allegations of the petition were substantially as follows: The Augusta Brewing Company is a Georgia corporation engaged in the manufacture of certain drinks, among them soda-water, which it sold as a refreshing and harmless drink. On a named

date it sold to a merchant in Thomson, Georgia, some of its soda-water, which the merchant placed on sale, "relying on the implied warranty of defendant that said soda-water was suitable for salable purposes as a refreshing and harmless drink. Some of this soda-water was, with the permission of the merchant mentioned, taken from his stock by the plaintiff and drunk from the bottle. "While drinking said soda-water, . . plaintiff swallowed three pieces of glass, or perhaps more, without knowing it, and one large piece of glass lodged in plaintiff's throat. . . Said glass which plaintiff swallowed and the said piece of glass which lodged in plaintiff's throat were in the said soda-water which plaintiff was drinking." Plaintiff immediately went to a physician, who extracted from his stomach three pieces of glass, plaintiff having previously ejected from his throat the piece of glass which had lodged therein. The bottle from which plaintiff drank the soda-water was in good condition, and had no rough edges or other peculiarities which could put plaintiff on notice of the presence of the glass inside the bottle. The pieces of broken glass which he swallowed were in the bottle when it was filled, and the defendant was grossly negligent in leaving fragments of glass in the bottle and in offering for sale for drinking purposes soda-water containing pieces of broken glass. The defendant, by the exercise of ordinary care, could have known of the presence of the glass in the bottle, while plaintiff did not know and had no means of knowing it. Plaintiff was entirely free from fault, and drank the soda-water thinking it was safe to do so. Plaintiff suffered great physical pain while the glass was in his stomach and in having it extracted therefrom, "and plaintiff suffered untold mental agony between the time he drank the said soda-water, when he swallowed the said glass, and before he could have the said glass taken from his stomach, fearing that an untimely death would be the result of the glass cutting him on the inside; and plaintiff still fears that he may yet suffer torture from injuries sustained by the glass cutting him on the inside, or perhaps from some of the glass which might not have been taken from his stomach and which is still in plaintiff's stomach, and which may yet cause plaintiff's death. The suspense and agony which plaintiff suffers from what may yet be the dreaded results of this injury are great, and render plaintiff almost paralyzed with fear." Damages were laid in the sum of two thousand dollars. By amendment it was

alleged that it was customary to drink bottled soda-water from the bottle, and that the defendant was aware of this custom. The defendant demurred generally and specially, the grounds of special demurrer being, that the petition endeavors to join inconsistent causes of action, one an action on an implied warranty and the other an action in tort; that no physical injury is alleged; that the petition fails to allege the size or kind of glass that it is alleged was swallowed; that it does not appear whether the plaintiff was a purchaser or a donee of the bottle of soda-water drunk by him; that there is no allegation as to the manner, time, or place of defendant's negligence, nor that the defendant intended the bottles containing the soda-water to be used as drinking vessels; and that the allegations as to plaintiff's apprehensions of what might have existed or developed, or might in the future exist or develop, "were irrelevant and illegal." The court sustained the demurrer generally, and dismissed the petition; whereupon the plaintiff excepted.

*G. L. Callaway,* for plaintiff.     *W. H. Barrett,* for defendant.

CANDLER, J. (After making the foregoing statement.) 1. When a manufacturer makes, bottles, and sells to the retail trade, to be again sold to the general public, a beverage represented to be refreshing and harmless, he is under a legal duty to see to it that in the process of bottling no foreign substance shall be mixed with the beverage which, if taken into the human stomach, will be injurious. The case of *Woodward* v. *Miller,* 119 *Ga.* 618, is hardly in point; for in that case the manufacturer knew of the defect and fraudulently concealed it from the purchaser. *Blood Balm Co.* v. *Cooper,* 83 *Ga.* 457, while differing somewhat as to its facts, furnishes strong reasoning to support the principle announced. The composition of patent or proprietary medicines is usually shrouded in mystery, and it is generally understood that many such remedies contain ingredients which, if taken in sufficient quantities, will produce injurious results upon the person taking them. If, then, one who buys a patent medicine may rely upon the obligation of the manufacturer not to place therein ingredients which, if taken in the prescribed doses, will injure his health, certainly the purchaser of an alleged harmless and refreshing beverage should have the right to rest secure in the assumption that he will not be fed on broken glass. It does not matter that the plaintiff in the present case did not buy the soda-water from the defendant, or that there was no

privity of relationship between them. The duty not negligently to injure is due by the manufacturer, in a case of the particular character of the one under consideration, not merely to the dealer to whom he sells his product, but to the general public for whom his wares are intended. \ On this subject see also *Blood Balm Co.* v. *Cooper,* supra.

2. It follows from what has been ruled that the court below erred in sustaining the general demurrer. We are equally clear that many of the grounds of the special demurrer are without merit. While the petition contains the wholly unnecessary allegation that the dealer who purchased the soda-water from the defendant relied upon its implied warranty that the drink was harmless, the suit can not by any possibility be construed as one upon a warranty, as it is plainly an action in tort. While there is no distinct allegation of permanent disability, the physical suffering of the plaintiff growing out of the swallowing of the glass and its removal from his stomach was set out with sufficient definiteness to furnish a basis of recovery; and there was no lack of the required definiteness as to the time, place, and manner of the defendant's negligence. In the latter particular the case differs from *Hudgins* v. *Coca Cola Bottling Co.,* 122 *Ga.* 695, in that there the petition was entirely silent as to what constituted the negligence complained of, while here it is distinctly alleged that the defendant was negligent in leaving glass in the bottle when it was filled. A somewhat peculiar ground of demurrer is the one which seeks to place upon the plaintiff the onus of showing "the size and kind of glass" that he swallowed. Courts have gone far in requiring particularity of pleading; but we are not aware of any rule which would require a man who has unconsciously swallowed several pieces of glass to make a note of the shape, size, color, and character of the pieces after they have been removed from his stomach, in order to describe them in bringing suit to recover from the one who is responsible for his having swallowed them. It was not necessary to allege that the defendant intended that the bottles containing its soda-water should be used as drinking vessels; it is sufficient for the purposes of this suit that such was the custom and it was cognizant thereof.

The only remaining point to be considered is whether or not the plaintiff in this case can recover for mental suffering growing out of his injury; and if so, to what extent. It is a familiar principle

that where a physical injury has been sustained the person injured may recover for mental suffering caused by or growing out of his bodily hurt. One may not recover, however, for mental suffering which is not reasonable, or which is merely fanciful. It can hardly be disputed that a reasonable fear of death constitutes mental suffering of a very keen sort. It is not unreasonable, we think, for one who has swallowed several pieces of glass to entertain a very vivid and poignant apprehension of an untimely end; and the mental anguish caused by this dread may constitute an element of damage in a suit for damages on account of the physical injury. But after the glass has been removed from his stomach and he is apparently restored to his former condition of health and vigor, his fears, so far as a damage suit are concerned, should cease. He may not continue for an indefinite period to vex his soul with dread on account of having been "cut on the inside," and hold the defendant liable for his apprehensions. It follows, therefore, that so much of the petition as seeks to recover on account of mental suffering endured since the glass was removed from the plaintiff's stomach should be stricken; and direction is given that when the case is tried again the special demurrer be sustained in so far as it attacks this portion of the petition.

*Judgment reversed with direction. All the Justices concur.*