## 10346.  BRADFIELD *v.* ATLANTA COCA-COLA BOTTLING CO.

Whether the bottling company was negligent in the bottling of the beverage sold to the plaintiff, which contained small particles of glass, was, under the evidence, a question for the jury; and the court erred in directing a verdict for the defendant. BROYLES, P. J., dissents.

42

Action for damages; from Fulton superior court—Judge Bell. January 11, 1919.

Application for certiorari was denied by the Supreme Court.

*E. F. Childress, McCallum & Sims,* for plaintiff, cited: 83 *Ga.* 457; 124 *Ga.* 121; 10 *Ga. App.* 762; 17 *Ga. App.* 487; 18 *Ga. App.* 266; 108 Miss. 864; 21 *Ga. App.* 557 (15); 23 *Ga. App.* 25 (2, 3); 112 *Ga.* 197; Civil Code (1910), § 5926; 100 *Ga.* 163; 15 *Ga. App.* 571; 29 Cyc. 484, 634; 136 *Ga.* 383; 6 *Ga. App.* 47.

*Candler, Thomson & Hirsch,* for defendant, cited: 10 *Ga. App.* 762; 166 Fed. 651; 77 N. E. 387; 187 S. W. 179; 117 *Ga.* 109; 118 *Ga.* 91; 5 *Ga. App.* 794; 119 *Ga.* 842-3; 111 *Ga.* 812; 108 *Ga.* 807; 145 Fed. 577; 136 Penn. 618, 626; 45 N. Y. 549, 553; 66 Atl. 209; 21 *Ga. App.* 671; 129 *Ga.* 349; Thayer, Ev. 339; Chamb. Ev. §§ 1021, 1085; 124 *Ga.* 121; 179 S. W. 155; 1 Thomp. Neg. § 31; 122 *Ga.* 695; 64 So. 791; 72 So. 157.

LUKE, J. The plaintiff sued for damages, alleging that she had sustained injury by swallowing small particles of glass contained in a bottle of coca-cola put up and sold by the defendant, the Atlanta Coca-Cola Bottling Company. The defendant proved that it bottled the coca-cola with the latest and most improved machinery, and that most careful inspection was had and made of every bottle of coca-cola sold by it. The evidence was to the effect that the defendant sold the bottle of coca-cola to one person, who in turn sold it to the retail dealer, who in turn sold it to the plaintiff. The evidence further was that some considerable period elapsed between the time of filling the bottle with the coca-cola syrup and the time of purchase of the same by the plaintiff. Upon the idea that the plaintiff had failed to show negligence in the manufacture or filling of the bottle by the defendant the court directed a verdict in favor of the defendant. That ruling is here for review.

While it was incumbent upon the plaintiff to prove negligence of the defendant in the bottling of the coca-cola, yet on proof by the plaintiff that the bottle did contain glass, it was in our opinion a question for the jury whether the defendant in filling the coca-cola bottle exercised the care required by law. If the jury were satisfied that there was no negligence attributable to the defendant, then they would not return a verdict in favor of the plaintiff. Proof that the bottle contained glass is a circumstance which the

jury may consider in determining whether or not such glass was left in the bottle by the defendant when the bottle was filled with the coca-cola. If the jury should determine that the particles of glass were not in the bottle of coca-cola when it left the custody of the defendant, but that their presence in the bottle was due to subsequent handling or opening of the bottle, then the plaintiff could not recover against the defendant. These are questions which must necessarily be determined by a jury. We are convinced that this case should have been submitted to a jury upon the issues of fact; and, upon appropriate instruction, it was for them to say whether the glass in the bottle was there because of negligence of the defendant. The court erred in directing a verdict for the defendant. See *Blood Balm Co.* v. *Cooper,* 83 *Ga.* 457 (10 S. E. 118, 5 L. R. A. 612, 20 Am. St. R. 324) ; *Watson* v. *Augusta Brewing Co.,* 124 *Ga.,* 121 (52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157) ; *Payne* v. *Rome Coca-Cola Bottling Co.,* 10 *Ga. App.,* 762 (73 S. E. 1087).

<em>Judgment reversed. Bloodworth, J., concurs.</em>

BROYLES, C. J., dissenting. I think that the evidence demanded a finding in favor of the defendant, and that the court, therefore, did not err in directing a verdict for that party. Even if it be conceded that under all the particular facts of this case the presence of loose pieces of glass in the bottle of coca-cola purchased by the plaintiff raised an inference of negligence against the defendant, this inference was completely rebutted by the undisputed evidence introduced by the defendant, which clearly showed that it had exercised ordinary care in the bottling of the beverage. The defendant, not being an insurer, was therefore not liable for the plaintiff's injuries. In my opinion the judgment of the lower court should be affirmed.