*W. E. & L. T. Mann,* for plaintiff.
*R. Carter Pillman,* for defendant.

19842. ATLANTA COCA-COLA BOTTLING CO. *v.*
HOLBROOK.

DECIDED AUGUST 23, 1929.

*Harold Hirsch, John P. Stewart, T. J. Long,* for plaintiff in error.

*C. W. Buchanan, Clarke & Clarke,* contra.

LUKE, J. The petition in this case alleged that Mrs. Holbrook was made very ill and was permanently injured by drinking about half the contents of a bottle of coca-cola which had been so negligently bottled by Atlanta Coca-Cola Bottling Company that four tin bottle-coverings, or crowns, were left in the bottle and poisoned the contents thereof. The specific grounds of negligence alleged were: (*a*) that the defendant allowed tin seals, or crowns, to be sealed up in said bottle; (*b*) that the defendant failed to properly inspect said bottle before it was sealed up; (*c*) that the defendant failed to clean said bottle before a beverage was sealed therein; (*d*) that the defendant negligently put a beverage in said bottle containing tin crowns which would corrode and poison the contents thereof; (*e*) that the defendant negligently delivered to Bussey Drug Company, a retail merchant, the bottle of coca-cola containing tin caps, or crowns, to be sold to the public.

The defendant's answer put the plaintiff on proof of every material allegation of the petition. The jury found a verdict for the plaintiff for $1500, and the defendant made a motion for a new trial upon general and certain special grounds.

There was evidence from which the jury could have concluded that the defendant bottled and sold to one of its regular customers at Buckhead, Ga., a bottle of coca-cola; that said bottle of coca-cola was in turn sold to a relative of Mrs. Holbrook, who gave it to her to drink; that when she drank about half of the contents of said bottle she became violently sick and suffered injuries as alleged; that she found in said bottle some tin bottle-crowns, or caps, which had been corroded by the carbonated water in said bottle, and had formed a poison which caused the plaintiff's injuries; and that neither said bottle, nor the contents thereof, nor the bottle-cap had been in any way molested since the bottle was filled and sealed by defendant's bottling plant.

There was evidence for the defendant from which the jury could have concluded that the defendant was so meticulously careful in bottling its product that the said caps were not in the bottle when it left the defendant's plant, or that, if they were in the bottle, the amount of poison generated by them was so infinitesimally small that the plaintiff could not have been injured by drinking the amount of liquid she says she drank. The plaintiff's case depends upon the doctrine of res ipsa loquitur, and this court can not say that the jury's conclusion that plaintiff was injured by the defendant's negligence had no evidence to support it. We think that the court did not err in overruling the general grounds of the motion for a new trial. See *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 762 (73 S. E. 1087) ; *Commerce Coca-Cola Bottling Co.* v. *Farabee,* 17 *Ga. App.* 487 (87 S. E. 720) ; *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 *Ga. App.* 43 (102 S. E. 542). There is nothing in the case of *Armour* v. *Miller,* 39 *Ga. App.* 228 (147 S. E. 184), that militates against the conclusion reached in the instant case.

The ground that the verdict "is grossly excessive" is without merit. The ground complaining that the court erroneously charged as to the burden of proof resting upon the defendant is not good. The charge was full and fair, and clearly was not subject to the criticism made as to it. The ground averring that "the evidence demanded a finding that the defendant exercised ordinary care in the preparation and sale of the bottle" presented a question for the determination of the jury, and we will not interfere with their finding.

The court did not for any reason assigned err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*