19216. ATLANTA COCA-COLA BOTTLING COMPANY *v.* SHIPP.

JENKINS, P. J. 1. In a suit for personal injuries, where it appeared on a private inquiry made by the court that the defendant was, under a contract of association with other persons and corporations engaged in the same business, protected by the association against liability for injuries such as were sued for, it was not error for the court, in examining prospective jurors on their voir dire, to inquire whether any juror was an employee of the association, or related to stockholders thereof. *Bibb Manufacturing Co.* v. *Williams,* 36 *Ga. App.* 605, 607 (137 S. E. 636). This is true even though it was made to appear to the court, on such private inquiry, that the association was made up exclusively of persons and corporations engaged in the same line of business, and that the only concern in the county engaged in such business was the defendant, since there might have been on the jury employees, or stockholders, or relatives of stockholders, of other corporations or persons belonging to the association and having their places of business elsewhere. Nor does the fact that the association thus primarily liable to the defendant under its contract of indemnity had taken out reinsurance in an indemnity company to protect its own liability as an indemnifier operate to change the rule, since such contract of reinsurance did not absolve the association from its own original liability to the defendant, and therefore did not make it cease to be an interested party in the litigation. It cannot be said as a matter of law that the request to thus purge the jury with reference to both the association and the indemnity company was submitted in bad faith, or that the granting of the request constituted an abuse of discretion on the part of the court.

2. "A manufacturer who makes and bottles for public consumption a beverage represented to be harmless and refreshing is under a legal duty not negligently to allow a foreign substance which is injurious to the human stomach, such as bits of broken glass, to be present in a bottle of the beverage when it is placed on sale; and one who, relying on this obligation, and without negligence on his own part, swallows several pieces of glass while drinking the beverage from the bottle, may recover from the manufacturer for injuries sustained in consequence." *Watson* v. *Augusta Brewing Co.,* 124 *Ga.* 121 (52 S. E. 152, 1 L. R. A. (N. S.)

1178, 110 Am. St. R. 157). Where an event is "unusual and extraordinary in its nature, and there is nothing to indicate an external cause, but the peculiar character of the accident is sufficient within itself to indicate that it must have been brought about by negligence on the part of some one, and where the most reasonable and probable inference which can be rationally drawn from the happening of such an event is that it would not and could not have taken place had not the person charged with furnishing or maintaining the instrumentality causing the accident been guilty of the particular acts or omissions set forth by the plaintiff as constituting the actual cause, then the jury is authorized to apply the rule of evidence known as the doctrine of res ipsa loquitur, in determining whether or not the accident must have been thus occasioned." *Atlanta Coca-Cola Bottling Co.* v. *Danneman*, 25 *Ga. App.* 43 (102 S. E. 542). Under the rule stated in *Bradfield* v. *Atlanta Coca-Cola Bottling Co.*, 24 *Ga. App.* 657 (101 S. E. 776), "whether the bottling company was negligent in the bottling of the beverage sold to the plaintiff, which contained small particles of glass, was, under the evidence, a question for the jury."

3. Under the answers of the Supreme Court to the questions certified to it in this case (*Atlanta Coca-Cola Bottling Co.* v. *Shipp*, 170 *Ga.* 817 (154 S. E. 243), the evidence relative to the race and color of the inspectors employed by the defendant company was irrelevant and inadmissible for the purpose of throwing light upon the question of the efficiency or inefficiency of such inspectors, where such inspectors were not introduced as witnesses, and neither party sought otherwise to establish their efficiency or lack of efficiency. Under the rulings made by the Supreme Court in answer to the questions certified to it in this case, even if such testimony might be admissible for some other reason, as, for instance, a bona fide method of testing, on cross-examination, the knowledge of a defendant's witness relative to the fact of the employment by the defendant of inspectors, and was admitted generally without restricting the purpose of its admission, counsel for plaintiff would not have the right, in his argument before the jury, to comment upon the race and color of such inspectors as a fact or circumstance illustrating their lack of efficiency, in the absence of any evidence relative to the efficiency or inefficiency of the colored race in the performance of such duties as were required of the inspectors.

4. Since, under the rulings made in the next foregoing division, the judgment of the court below overruling the defendant's motion for new trial must be reversed, the remaining assignments of error relating to questions not likely to arise upon another trial of the case are not dealt with.

*Judgment reversed.* *Stephens and Bell, JJ., concur.*

DECIDED AUGUST 28, 1930.

*Harold Hirsch, J. P. Stewart, T. J. Long, W. B. Cody,* for plaintiff in error.

*Sims & Berman,* contra.