## 23910. Moore v. Macon Coca-Cola Bottling Company.

Sutton, J. Moore drank a bottle of coca-cola in which there were particles of broken glass. He brought suit against the Macon Coca-Cola Bottling Company, the bottler of the beverage so drunk by him. There was evidence to the effect that the bottle of coca-cola, when purchased by the plaintiff for consumption, was in the same condition as it was when it left the custody of the bottler. The jury returned a verdict for the defendant, and the plaintiff moved for a new trial. The trial judge overruled the motion, and to this judgment the plaintiff excepted. Plaintiff contended in his motion for a new trial that the court erred in refusing to charge the jury upon the doctrine of res ipsa loquitur, in allowing the jury to visit and inspect the bottling plant of the defendant, and in charging the jury as will hereafter appear. *Held:*

1. Under the ruling of the Supreme Court in this case, the trial court did not err in refusing to charge, as requested by the plaintiff, that "Where broken glass is found in a bottled beverage when opened after purchase from a retailer and while being drunk by the consumer, and there is proof that the bottle of beverage was in the same condition as when the manufacturer delivered it to the retailer, the jury may draw an inference that the manufacturer was negligent in failing to perform his duty to exercise due care to see that the beverage was fit for human consumption." *Moore* v. *Macon Coca-Cola Bottling Co.*, 180 *Ga.* 335 (178 S. E. 711).

2. Upon the trial of this case "it was within the discretion of the court, on motion of counsel for the defendant, and over the objection of counsel for the plaintiff, to allow the jury to leave the court-room in company with the sheriff, and to inspect the premises of the defendant, and to look at the machinery used by the defendant in bottling the coca-cola sold, it appearing from the defendant's motion that a view of the premises and machinery would aid the jury to better understand the testimony of the witnesses as to the kind and nature of the machinery used by the defendant and the method used by it in bottling the coca-cola, and that it was impossible to bring the machinery into the court-house," *Moore* v. *Macon Coca-Cola Bottling Co.*, supra.

3. The court charged the jury the correct and applicable principle as to the duty owed by the defendant to the plaintiff, that "When a manu-facturer makes, bottles, and sells to the retail trade to be again sold to the general public a beverage represented to be refreshing and harmless, he is under a legal duty to see to it, to use ordinary care, to the end that in the process of bottling, no foreign substance shall be mixed with the beverage which, if taken into the human stomach, will be injurious." See *Watson* v. *Augusta Beverage Co.*, 124 *Ga.* 121, 123 (52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157); *Payne* v. *Coca-Cola Bottling Co.*, 10 *Ga. App.* 762 (73 S. E. 1087); *Atlanta Coca-Cola Bottling Co.* v. *Shipp*, 41 *Ga. App.* 705 (154 S. E. 385); *Coleman* v. *Dublin Coca-Cola Bottling Co.*, 47 *Ga. App.* 369 (170 S. E. 549). It was not error to charge further that the defendant bottler was not an in-surer of the wholesomeness of the drink, and that the defendant would be liable only if there was a failure to exercise reasonable care and

diligence in respect to its quality and preparation. Under the facts in this case, "whether the defendant was negligent in the bottling of the beverage sold to the plaintiff, which contained small particles of glass, was . . a question for the jury" (*Bradfield* v. *Atlanta Coca-Cola Bottling Co.*, 24 *Ga. App.* 657, 101 S. E. 776), and the trial judge properly submitted the issues involved in this case to them.

4. The evidence supported the verdict, and the trial judge did not err in overruling plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 19, 1935.

*R. Douglas Feagin, J. Ben Jackson,* for plaintiff.
*Harris, Russell, Popper & Weaver,* for defendant.