32739. HOTEL DEMPSEY COMPANY *v.* MILLER.

234

Decided March 10, 1950. Rehearing denied March 27, 1950.

*Martin, Snow, & Grant*, for plaintiff in error.

*B. Hugh Burgess, E. W. Maynard, Carlton Mobley*, contra.

Townsend, J. (After stating the foregoing facts.) ■ Ground 1 of the amended motion for a new trial contends that the following charge of the court was error: "I charge you that where an event is unusual and extraordinary in its nature, and you find there is nothing to indicate an independent efficient cause, but the peculiar character of the event is sufficient within

itself to indicate that it must have been brought about by negligence upon the part of someone, and where the most reasonable and probable inference that can be rationally drawn from the happening of such an event is that it would not and could not have taken place had "[not]" the person or company charged with the operation, furnishing and maintaining of the instrumentality causing the injury alleged to have followed such an event been guilty of the particular act or omissions set forth by the plaintiff as constituting the actual cause, then you would, in your judgment and discretion, be authorized to apply the rule of evidence known as the doctrine of res ipsa loquitur in determining whether or not the alleged injury must have been thus occasioned." The exceptions in ground 1 are: because of the omission of the word "not" indicated above by brackets; because it does not correctly state this rule of evidence in that it does not outline the limitations of its application; that it does not state that the inference is rebutted by proof that the defect is latent; is unintelligible; and that it failed to include the principle of law that the doctrine applies only in the absence of any other satisfactory explanation of the event. Ground 2 contends that the trial court erred in failing to charge in connection with the doctrine of res ipsa loquitur the following: "I charge you that the doctrine of res ipsa loquitur is to be applied to the happening of such an occurrence only in the absence of any satisfactory explanation that the occurrence was accidental or providential or other sufficient explanation, and I further charge you that it is for you to determine from the evidence whether there has been any such explanation and whether such explanation, if any, is satisfactory and is sufficient to overcome the inference of negligence ordinarily arising from the happening of such an unusual occurrence."

■ Ordinarily, leaving out the word "not" changes the whole meaning of a thought and would be necessarily harmful and reversible. Here, the omission changes the whole meaning, but, with the meaning thus changed, if the jury understood the principle of law at all they would have understood the charge to be highly favorable to the defendant, and more favorable than if correctly stated. It appears that the exact language of the charge with the word "not" deleted has been approved by our appellate

courts.   See *Dalton Coca-Cola Bottling Co.* v. *Watkins,* 70 *Ga. App.* 790 (29 S. E. 2d, 281), and cases there cited.   However, the omission of the word "not" was not made the assignment of error in that case.   Also, the charge as quoted appears in many form books, and it is suggested that the error originated, either through the omission of the word "not" by the trial judge, or its omission by the reporter or the printer, so that the bound volumes have since appeared with the word "not" deleted.   The charge has frequently been given and approved in this form until, in the case at bar, the very astute and able counsel for the defendant detected its absence.   It follows that the cases relied upon by counsel for the plaintiff to the effect that the charge is correct in the absence of the word "not" are not good authority for this proposition.   The charge is inaccurate, but because it is more favorable to the defendant than if correctly given, it is not ground for a new trial.

█   The remaining objections to this portion of the charge, in the absence of timely written request for a fuller presentation of the issues involved, are without merit.   See *Atlanta Coca-Cola Bottling Co.* v. *Shipp,* 41 *Ga. App.* 705 (154 S. E. 385); *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 *Ga. App.* 43 (102 S. E. 542); *Macon Coca-Cola Bottling Co.* v. *Crane,* 55 *Ga. App.* 573 (190 S. E. 879).   The charge, correctly stated, is sufficient, under the authority of these cases, to enable the jury to apply in their discretion the doctrine of res ipsa loquitur.   These assignments of error are without merit.

█   Special ground 3 of the amended motion for a new trial contends that the court erred in charging the following contention of the defendant:   "The defendant contends further that Mrs. Miller was not in the exercise of ordinary care for her own safety and that she placed herself under the fan *which it says was a place of obvious danger.*"   (Emphasis ours.)   It is contended that the charge was erroneous (a) in incorrectly stating the contention of the defendant, and (b) it was misleading and confusing to the jury, the true contention of the defendant being that it had no notice or knowledge of the defect in the fan and no way of knowing that it was likely to fall.   This charge was based upon the following amendment to the defendant's answer:   "Defendant shows that if the plaintiff was injured, she

was injured by her own failure to exercise ordinary care, and that by the exercise of ordinary care she could have avoided the consequences of the defendant's negligence, if any." This amendment was offered at the conclusion of the evidence, which included testimony that the fan, shortly before falling, was swaying back and forth and keeping up as much noise as a threshing machine. Elsewhere in the charge the trial court correctly stated the defendant's contention in this regard as follows: "Now, the defendant in this case contends that neither it nor any of its servants or agents were negligent in the manner described in the amended petition of the plaintiff, nor in any other way which proximately resulted in or contributed to the injuries received by the plaintiff, whatever they were. Defendant contends further that said injuries resulted from accident unmixed with the negligence of anyone."

The charge to the jury should be construed as a whole. *Brooks* v. *State*, 19 *Ga. App.* 45 (6) (90 S. E. 971); *Hilton & Dodge Lumber Co.* v. *Ingram,* 135 *Ga.* 696 (3) (70 S. E. 234). Where the charge as a whole is correct, the fact that parts of it, considered alone, are objectionable, does not require the grant of a new trial. *Almond* v. *Gairdner & Arnold,* 76 *Ga.* 699 (4); *Tucker* v. *Atlanta Street Railroad Co.,* 77 *Ga.* 61 (2). Although the defendant contends that the judge stated arguendo an assumed admission which it had not in fact made (that a position under the fan was a place of obvious danger), in view of the charge as a whole, especially when considered in the light of the evidence, it is not reasonable to suppose that the jury could have assumed from the court's statement that the defendant had admitted to a knowledge of the defective condition of the fan. On the other hand, the defendant's amendment, offered at the conclusion of the evidence, to the effect that the plaintiff was injured by her own failure to exercise ordinary care for her own safety is equivalent to a statement that *at the moment of the injury* the danger was sufficiently obvious to bar her recovery and this, we think, is all that can be implied from the statement of the trial court to which objection is here made. After the reception of evidence as to the noise of the fan immediately before it fell, and after the amendment of the defendant, this matter became a material defense, and it was the duty of the trial

court to charge it. This assignment of error is without merit.

■ Error is assigned upon the overruling of a motion for a mistrial based upon argument of counsel for the plaintiff as follows: "Mr. Block finally got around to sending his secretary up there to see Mrs. Miller, and he told his secretary to tell Mrs. Miller, 'Mr. Block says you go on home and the insurance company will take care of it.'" The jury was sent from the courtroom, and a protracted colloquy took place, in which it was established that the words used by counsel were included in the testimony of the plaintiff but that neither the court nor counsel for the defendant had heard the testimony, and no motion to strike it had been made at that time. The testimony was obviously improper, and immediately upon having it called to his attention the trial judge ordered it stricken from the record, instructed the jury to this effect, and overruled the motion for a mistrial. Illegal evidence which comes in without objection and which is ruled out as soon as a motion is made for that purpose is not cause for a new trial. *Fisher* v. *State of Georgia*, 62 *Ga.* 174 (2). However, the motion for a mistrial here was not based upon the improper testimony, but upon the argument of counsel in referring to such testimony, which preceded the ruling striking it from the record. Argument of counsel which is authorized by evidence unobjected to is never improper. At the time the argument was made, the evidence was in the record. It follows that the argument of counsel was not improper from a legal point of view and, based thereon, it was not error for the trial court to refuse to grant a mistrial.

■ Special ground 5 complains that the court erred in admitting over objection testimony of the plaintiff that "We never did get anyone to come up [to her hotel room] until finally the secretary came up." This statement was made in the course of a rather lengthy narration of the plaintiff's physical condition during a period following the accident, her movements, her attempts to discuss the matter with the management, and the manner in which she left the hotel. Apparently the evidence was material to explain the conduct of the plaintiff in this respect, and it tended to show the plaintiff's efforts to make an immediate report concerning her injuries and condition. It is

never error to overrule an objection to evidence if it is admissible for any purpose. *Renfroe* v. *State,* 54 *Ga. App.* 215 (2) (187 S. E. 623). If it is desired to limit the effect of the evidence, the court should be requested to charge that the evidence is admitted for a special purpose and its effect limited to that purpose.

■ Special ground 6 complains that the damages of $12,500 were grossly excessive and a result of bias and prejudice on the part of the jury. The plaintiff's evidence included the testimony of four expert medical witnesses that her pain and suffering are of a permanent character, that she suffered from trauma of the sciatic nerve, was extremely nervous, had severe headaches and that, by favoring her leg, the sacro-iliac region of her back suffered secondary injury. The plaintiff testified that as a result of her injuries she walks with a limp, and the medical testimony indicated that this deformity was of a permanent character. Under the evidence, the jury was authorized to return the verdict of $10,150 for general and $2,350 for special damages. There being evidence to support this finding, it cannot be said that the verdict was excessive. See *Western & Atlantic Railroad* v. *Burnett,* 79 *Ga. App.* 530 (7) (54 S. E. 2d, 357) and cases there cited.

■ The verdict being supported by evidence, and having the approval of the trial court, no error of law appearing, it will not be reversed by this court upon the general grounds.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*