37955.   MACON COCA-COLA BOTTLING COMPANY
*v.* CHANCEY.

Decided January 15, 1960—Rehearing denied
February 1, 1960.

*Popper & Popper, Miller, Miller & Miller,* for plaintiff in error.
*Durward B. Mercer, S. Gus Jones, Neal D. McKenney,* contra.

CARLISLE, Judge. The defendant contends, and it may be conceded for the purposes of this decision, that the evidence shows that the particular Coca-Cola in question had been delivered to Fruitticher's Market some one to seven days prior to the time the plaintiff purchased it; that it had been stored on racks in front of or within the store in such a place as to have been easily accessible to others; that it was placed in the drink box at some time prior to the time that the plaintiff purchased it and that other persons could have had access to it and could have tampered with it, and that the possibility of tampering by others was not entirely excluded by the evidence adduced on the trial. It may also be noted that no witness testified positively that the bottle had not been previously opened and reclosed at the time the market employee opened it for the plaintiff.

■ The trial court instructed the jury as follows: "I charge you that where something unusual happens with respect to a defendant's property, over which which the defendant has control, an inference may arise that the injury was due to the defendant's negligence. The inference which may in some cases arise from an unexplained occurrence, which has worked an injury to another, that the defendant who had in charge the instrumentality which was the direct cause of the injury was guilty of negligence, may or may not be drawn by the jury, but, like a fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact, and is peculiarly for the jury to determine under all the surrounding facts and circumstances as you find them to have existed at the time and place of this alleged occurrence.

"I charge you further that where an event is unusual and extraordinary in its nature, and there is nothing to indicate an independent efficient cause, but the peculiar character of the event is sufficient within itself to indicate that it must have been brought about by negligence upon the part of someone, and where the most reasonable and probable inference that can be rationally drawn from the happening of such an event is that it would not and could not have taken place had not the company charged with the manufacture of the instrumentality causing the injury alleged to have followed such an event been guilty of the

particular acts or omissions set forth by the plaintiff, as constituting the actual cause, then the jury, in your judgment and discretion, would be authorized to apply the rule of evidence known as the doctrine of res ipsa loquitur in determining whether or not the accident must have been thus occasioned."

In special ground 1 of the motion for a new trial, this portion of the charge is complained of as being error on numerous grounds, the substance of which is simply that the charge was not sound as an abstract proposition of law; that it was not adjusted to the evidence in the case because it permitted the jury to find against the defendant simply if something unusual happened; that it placed the burden on the defendant to show how the substance got in the bottle; and, finally, because the evidence was not sufficient to show that the bottle had not been tampered with after it had left the custody and control of the defendant bottler.

As to the first of these contentions, it is sufficient to say that substantially the same charge as here complained of has been approved of by this court on several occasions, as being an abstractly correct charge on the doctrine of res ipsa loquitur. See the discussion in *Hotel Dempsey Co.* v. *Miller,* 81 *Ga. App.* 233, 234 (1) (58 S. E. 2d 475), and the cases cited therein on p. 236. The judge had previously instructed the jury that the burden was on the plaintiff to make out her case by a preponderance of the evidence and that the defendant was not an insurer of the wholesomeness of its beverage, but owed merely a duty to exercise ordinary care in the bottling and manufacture of the same, and that the plaintiff, in order to make out a case, had to prove to the satisfaction of the jury by a preponderance of the evidence that the defendant was negligent in at least one of the particulars set forth in the petition, and that such negligence was the proximate cause of the plaintiff's alleged injuries. The charge was not abstractly incorrect.

The other assignments of error raise the question of whether or not the case may be submitted to the jury on the question of the negligence of the bottler of a beverage such as Coca-Cola sold in a bottle or other sealed container where the proof shows no more than the actual presence of the foreign substance in the

beverage at the time it was purchased and consumed by the plaintiff. It has been recognized that in Georgia the cases in this regard are in conflict. See the annotation in 52 A. L. R. 2d 117, 129-130 and 144. The cases answering this question in the affirmative are exemplified by such cases as *Bradfield* v. *Atlanta Coca-Cola Bottling Co.*, 24 *Ga. App.* 657 (101 S. E. 776), *Atlanta Coca-Cola Bottling Co.* v. *Shipp*, 41 *Ga. App.* 705 (154 S. E. 385), *Atlanta Coca-Cola Bottling Co.* v. *Sinyard*, 45 *Ga. App.* 272 (164 S. E. 231), *Gainesville Coca-Cola Bottling Co.* v. *Stewart*, 51 *Ga. App.* 102 (179 S. E. 734), *Cordell* v. *Macon Coca-Cola Bottling Co.*, 56 *Ga. App.* 117 (192 S. E. 228); *Albany Coca-Cola Bottling Co.* v. *Shiver*, 63 *Ga. App.* 755 (12 S. E. 2d 114); *Watkins* v. *Dalton Coca-Cola Bottling Co.*, 66 *Ga. App.* 848 (19 S. E. 2d 316), and *Claxton Coca-Cola Bottling Co.* v. *Coleman*, 68 *Ga. App.* 302 (22 S. E. 2d 768). The cases seeming to answer this question in the negative are exemplified by cases like *Atlanta Coca-Cola Bottling Co.* v. *Holbrook*, 40 *Ga. App.* 269 (149 S. E. 316), *Atlanta Coca-Cola Bottling Co.* v. *Dean*, 43 *Ga. App.* 682 (160 S. E. 105); and *Moore* v. *Macon Coca-Cola Bottling Co.*, 180 *Ga.* 335 (178 S. E. 711), conformed to in 51 *Ga. App.* 148 (179 S. E. 916).

As will be seen by reference to the above list of cases, the older authority seems to answer this question in the affirmative, and in the absence of authority expressly overruling the older cases this court is bound thereby under the rule of stare decisis. However, this rule appeals to this court as the sounder and more logical of the two alternatives. While we recognize the oft-stated proposition that it is better that a just case fail for want of evidence than that an unjust case prevail because the truth cannot be shown; nevertheless, if the rule be applied as contended for by the plaintiff in error in this case, it would become virtually impossible for plaintiffs ever to recover from defendants in cases of this nature. It would place an unjust burden on the plaintiff to require her to show, in order to recover, the exact whereabouts of the bottled drink at all times from the time it left the bottler until she acquired it. Frequently, this knowledge is more readily in the possession of the defendant than of the plaintiff, and it is more consonant with justice to say that once evidence

of the presence of a foreign matter in the drink is introduced and the doctrine of res ipsa loquitur is applied that the burden should shift to the defendant to show that it did not get in there by any act of negligence of the defendant, and in the absence of evidence demanding a finding that this is the fact, the resolution of this issue is always one for the jury.

Furthermore, there is no presumption, and there ought not to be any presumption, that any person would deliberately tamper with or open a beverage of the type here involved with the malicious intent of placing therein a foreign object designed to cause illness on the part of the person consuming such beverage. Certainly such presumption ought not to be indulged in in the absence of some affirmative showing that a specific person who had access to the bottle had a reason for doing so. It follows from what has been said above that none of the assignments of error with respect to this charge is meritorious.

■ Special ground 2 of the motion for new trial seeks to assign error on the admission in evidence of a hypothetical question propounded to a medical witness and the answer thereto. After counsel for the plaintiff had propounded the question to the doctor, counsel for the defendant made the following objection: "May it please the court, we are in the situation of having to reserve our objection to that question; we will have to see that it is written out, because we have no state of facts; we understand that he's put the doctor up out of turn, and we don't know what the state of facts will show, but we want to enter a timely objection to the question, in the event the evidence does not show those facts." Counsel for the plaintiff stated: "Your Honor, I'd like to state that I will connect those facts, and expect to prove those set of facts by the plaintiff when she's on the stand," after which the court made the following ruling: "Yes, well, I'll rule on it when she becomes a witness."

This ground does not show that any further ruling was ever invoked by counsel for defendant during the trial of the case. Accordingly, it presents no question for decision by this court. *Warren Co.* v. *Starling*, 98 *Ga. App.* 371 (1) (106 S. E. 2d 69).

■ In special ground 3 error is assigned because the trial court refused to permit a witness for the defendant to answer a ques-

tion calling for his opinion as to whether the Macon Coca-Cola Bottling Plant was run on a par with respect to cleanliness and with respect to the care exercised by it in handling its bottling operations. After counsel for the plaintiff stated his objection, and after the court heard from counsel for the defendant, the court asked counsel for the defendant if he had any authority sustaining his contention as to the admissibility of the question and answer. At that point counsel stated that he did not have the authority at hand, and the court said: "I'm going to sustain the objection at this point and though with this reservation that if you find the authority I'll reverse myself on it." To this ruling, counsel for the defendant stated, "All right." This ground fails to show that any further ruling was ever invoked by counsel for the defendant, and it is, therefore, insufficient to present any question for consideration by this court. *Clark* v. *Western & Atlantic Railroad,* 41 *Ga. App.* 317 (2) (152 S. E. 847) ; *Roberts* v. *State,* 76 *Ga. App.* 167, 169 (2) (45 S. E. 2d 103).

■ In the fourth and final special ground error is assigned on a portion of the charge of the court and on the admission of certain evidence which together submitted to the jury the question of whether or not the plaintiff would suffer any future mental and physical pain and suffering on account of having ingested the cigar butt or wad of tobacco. These assignments of error are without merit. Both the doctor, who testified on behalf of the plaintiff, and the plaintiff herself testified that she was continuing to suffer in this regard at the time of the trial, and under all of the facts of the case it was for the jury to say whether or not she would continue to suffer in the future and whether she would be entitled to damages on account of such future pain and suffering. The ruling in *Watson* v. *Augusta Brewing Co.,* 124 *Ga.* 121 (2) (52 S. E. 152, 1 L. R. A. (NS) 1178, 110 Am. St. Rep. 157) is clearly distinguishable from the instant case, for there the recovery sought for future pain and suffering was based on the ingestion of a specific inorganic item which had been removed from the plaintiff's stomach, and in accordance with the facts stated by the court plaintiff had been "restored to health" at that time, and such future damages there were too remote and speculative to be considered. See *Atlanta Hub Co.* v. *Jones,* 47

*Ga. App.* 778, 780 (4b) (171 S. E. 470). In the instant case the plaintiff ingested an organic substance which, according to common knowledge, was capable of being acted upon by her digestive system and assimilated by her body. Its possible long range and ultimate effect on her health and the matter of whether or not she would suffer any permanent injury as a result of this occurrence could best be answered by expert medical testimony. This ground of the motion fails to show error.

■ The plaintiff testified that she bought a Coca-Cola from Fruitticher's Market, that when she turned it up to drink it she found in her mouth a cigar butt or a wad of tobacco and a matchstick, that she swallowed some of the cigar butt or some of the tobacco and pulled the matchstick along with a quantity of the stringy tobacco from her mouth. She testified as to nausea and other illness which she suffered and her testimony was corroborated by a doctor who examined her and sufficiently informed the jury in his testimony of her illness, stating therein that in his opinion her condition was the result of this occurrence. Whether or not the defendant had exercised sufficient skill and care in bottling his beverages, and whether or not the foreign object which the plaintiff swallowed had been placed in the Coca-Cola by the defendant or allowed to remain therein through its negligence or by the act of some third party, was under the facts of this case, a question to be decided by the jury. The jury found in favor of the plaintiff and we cannot say that the evidence did not authorize this verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*