HOBART vs. THE MILWAUKEE CITY RAILROAD COMPANY and others.

*Right of city to authorize use of street for horse railroad.—When lot owner entitled to compensation.*

1. The construction and operation of a horse railway in the public streets of a city, by authority from the city government, is not a new burden imposed upon the owners of the fee of the land, and they are not entitled to a compensation therefor, except where some private right of such an owner (as his free access to his own land or buildings) has been materially impaired thereby.

2. The owner of a store has no such right to use the street in front thereof by having drays and wagons, with teams attached, stand transversely upon the street while discharging goods, as will entitle him to recover against a horse railway company which has so constructed its track (under authority from the city) as to interfere with such use of the street; but he may be compelled, if public convenience requires it, to discharge the goods from wagons or drays standing lengthwise of the street.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff, owning part of a lot fronting on East Water street, in the city of Milwaukee, and occupying, with his business as a wholesale merchant, the building erected thereon, brought this action to restrain the defendants from building and operating a second track for its horse railway along said street, over that portion thereof which plaintiff claimed to own in fee (as a part of his said lot), "subject only to the right of the public to use the same for the purposes of an ordinary highway." The complaint

JUNE TERM, 1870.      195

Hobart vs. The Milwaukee City Railroad Company and others.

averred that defendant was threatening to tear up the Nicholson pavement on said street, for the purpose of laying said track; that it had no license from plaintiff, and no legal authority, to remove said pavement or to construct or use said railway track over his land; and that such construction and use would be a serious obstacle to the use of the street as a highway by the public, and a permanent injury to the plaintiff's premises and other adjoining lots. Upon the complaint, duly verified, an injunctional order was granted.

The defendants answered, setting up an ordinance of the common council of the city of Milwaukee, authorizing the defendant company to construct and operate its street railway with single or double track; denying that it intended to injure or remove the Nicholson pavement on said street, but alleging that the rails of its track were to be fastened upon stringers let into the pavement by a groove carefully made therein, in such a manner that the top of the rail would be even with the surface of the pavement, the pavement would be left firm and passable as before, and carriages and other vehicles could easily and freely cross the track at any point; denying that the track thus constructed would be a serious obstacle to the ordinary use of the street; and claiming that its proposed use of the street, under the authority of the common council, was a use of it by the public as a highway, and not otherwise.

Upon the answer, and upon certain affidavits, defendants moved to dissolve the injunction. Counter affidavits were read by the plaintiff on the hearing of the motion. The affidavits on both sides related to the question, how far the construction and use of the proposed track would be an obstruction to the ordinary use of the street, and how far it would obstruct the loading and unloading of heavy goods moving to or from the plaintiff's and other wholesale stores on

said street.   The court refused to dissolve the injunction; and defendants appealed.

*Wells & Brigham,* for appellants, argued, 1. That the mere fact of the use of the track here was in a private corporation, authorized to take fare or tolls, did not of itself make it a private, and not a public use. "The taking a highway for a plank or turnpike road by a corporation authorized and required to maintain and keep the same in repair, and to collect tolls, is but another mode of exercising the public easement on the land." Angell on Highways, p. 86, § 91 a.; *Chagrin Falls, etc., Plank Road v. Cane,* 2 Ohio St. 419; *Comm. v. Wilkinson,* 16 Pick. 175; *Murray v. Co. Commissioners,* 12 Met. 457; *Walker v. Caywood,* 31 N. Y. 60; *Comm. v. Temple,* 14 Gray, 76; *Street Railway v. Cumminsville,* 14 Ohio St. 545.   2. The laying of a street rail, without ties, without change of grade, level with the surface of the street, so as not to offer any obstruction to the passage of any vehicles in any direction, is not such a use of the street as is incompatible with the ordinary use by the public; and no argument drawn from the case of a steam railway, with its elevated track and impassable ties, its embankments, and many complete obstacles to other travel, applies here. *Brown & Co. v. Duplessis,* 14 La. Ann. 842; *Elliott v. R. R. Co.,* 32 Conn. 579; *Street Railway v. Cumminsville,* 14 Ohio St. 523; Emott, J., in *The People v. Kerr,* 27 N. Y. 204; Pierce on R. W. 179.   See also, 1 Handy, 52; 2 Stockt. 352.   Counsel distinguished the cases of *Williams v. R. R. Co.,* 16 N. Y. 97, and *Ford v. R. W. Co.,* 14 Wis. 609, which relate to an ordinary steam railway; and criticised the case of *Craig v. R. R. Co.,* 39 N. Y. 404.

*Palmer, Hooker & Pitkin,* for respondent:

1. It is the settled law of this state, that the proprietors of lots fronting upon a public street, within a recorded plat, take to the center of the street, and own the soil subject only to the right of the public to

use the land as an ordinary highway. *Gardiner v. Tisdale*, 2 Wis. 195; 4 id. 332; 5 id. 32; 7 id. 85; 13 id. 692; *Ford v. Ch. & N. W. R. W. Co.*, 14 id. 616; 18 id. 35; 20 id. 419; 21 id. 602. 2. It follows "that a railroad company cannot appropriate and occupy it with the track of its road without the consent of such proprietor, or without compensation made to him, and that neither the legislature nor the municipal authorities have any power to dispense with such compensation." *Ford v. R. W. Co.*, 14 Wis. 609; *Pomeroy v. R. R. Co.*, 16 id. 640; *Williams v. R. R. Co.*, 16 N. Y. 97; *Inhabitants of Springfield v. R. R. Co.*, 4 Cush. 63; *Presb. Society v. R. R. Co.*, 3 Hill, 567; *Carpenter v. R. R. Co.*, 24 N. Y. 655. 3. The fact that the defendants were to operate their railway by horse power instead of steam, does not distinguish this case, in principle, from those above cited. The prohibition against taking private property for public use " without just compensation therefor," applies with equal force in this as in those cases. *Wager v. R. R. Co.*, 25 N. Y. 526; *Craig v. R. R. Co.*, 39 id. 404; 1 Redfield on Railways (3d ed.), 313, 314. In each case there is a new burden imposed upon the owner of the land, and a new easement acquired, which is to some extent inconsistent with the general easement previously acquired by the public. The charter and ordinance under which the company claim, show that the rights which it claims are of an exclusive character. The ordinance purports to grant " the exclusive right to lay a single or double track for a railway, with all necessary and convenient tracks for turn-outs, side-tracks and switches, * * * and to operate railway cars and carriages thereon," etc., etc. The charter (ch. 230, P. & L. Laws of 1865) provides that " in all cases where vehicles shall meet or be overtaken by the cars or carriages of such railways, either in the city or county, such vehicle shall give way to the cars or carriages of the railway, so as not unnecessarily to hinder

or detain them." In *Hogan v. Eighth Avenue R. R. Co.*, 15 N. Y. 380, it is held that the statute regulating the meeting of carriages on the highway "has no application to the meeting of railroad cars with common vehicles," and that the company has the superior right of way. "Other carriages must keep out of the way of the cars, and if they are hit when the latter are proceeding at a reasonable and lawful speed, and with all such care as, considering the subject, can reasonably be used, they cannot maintain an action against the company." In *Craig v. R. R. Co.*, the foregoing decision is cited, and it is held that "the privilege of laying and using the track in such a manner confers upon the company a right to the use and enjoyment of the track, which precludes other vehicles while the operations of the company in the use of the the track demand their exclusion. Such a right is * * inconsistent with the nature of the easement acquired by the public." 4. The principle established by the supreme court of Ohio (in *Street Railway v. Cumminsville*, 14 Ohio St. 523), of permitting the street to be occupied by a railway without compensation, where no special injury results to the lot owners, and of requiring compensation where such injury does result, sustains the injunction in this case. The streets through which the appellants propose to lay their track is one of the principal streets of Milwaukee, and is devoted almost exclusively to the wholesale business. And the proof shows that the occupation of the street by a double track would result in special and serious injury to the lot owners.

DIXON, C. J. The question involved in this case is one which has undergone very thorough examination in the courts of several of the other states, and it is improbable that any new argument or consideration can now be advanced upon either side of it. We shall not attempt to advance any, nor shall we repeat

what others have said, but content ourselves with a simple statement of our conclusion, with a reference to those cases by which it will be found to be fully sustained. The examination of the question has resulted in some conflict of opinion and decision in other courts. In New York it has been held, but by a court itself divided, three of the judges dissenting, that the establishing and running of a horse railroad in the public streets of a city is an imposition of an additional burden upon the land of an adjoining proprietor covered by such street, and that such proprietor, being entitled to a compensation therefor, may maintain a suit to enjoin until compensation has been made. *Craig v. Rochester City & Brighton R. R. Co.*, 39 N. Y. 404. But in the case of *The People v. Kerr*, 27 N. Y. 204, EMOTT, J., was of the contrary opinion, holding that the building and operating of such road created no additional burden, so that the weight of opinion, so far as any has yet been expressed by the judges of the court of appeals, may be said to be very nearly evenly balanced. Opposed to the above mentioned decision are the decisions in Ohio, Louisiana and Connecticut, where the question has been directly adjudicated, and in Massachusetts and some other states, where the contrary principle has been most clearly assumed. *Street Railway v. Cumminsville*, 14 Ohio St. 523; *Brown v. Duplessis*, 14 La. An. 842; *Elliott v. Fair Haven & Westville R. R. Co.*, 32 Conn. 579; *Sargent v. Ohio & Mississippi Railroad Co.*, 1 Handy, 52; *Commonwealth v. Temple*, 14 Gray, 75; *Chase v. Sutton Manufacturing Co.*, 4 Cush. 152; *New Albany & Salem R. R. Co. v. O'Dailey*, 12 Ind. 551. The court of Ohio holds to what may be regarded as a middle doctrine between that of the majority decision in New York and the decisions in Louisana and Connecticut, that authority to lay down the necessary structure for a street railway in a common highway or street, and to run cars thereon for the carriage of pas-

sengers for hire, may be lawfully granted to a company incorporated for that purpose, without any compensation to the owners of adjoining lots, except where some private right of such owners is thereby impaired. That court holds the doctrine that there exists in the owners of adjoining lots a private right to have free access to their lands and buildings from the street, as the same was and would have continued to be according to the mode of its original use and appropriation by the public, and that there can be no change of such mode and adaptation of the street to new vehicles and methods of carriage and transportation which shall materially impair or destroy such right, unless by the consent of the owners, or upon the payment of due compensation to them. The same view was suggested by two of the judges in *The People v. Kerr, supra*, p. 215. This doctrine has been somewhat freely criticised by some whose opinions are entitled to very great respect, but notwithstanding we are inclined to adopt it as being the most just and reasonable solution of the question which has fallen under our observation. It is a doctrine which imposes no unreasonable restriction upon the rights of the public in the use of its streets and highways, and which at the same time affords that protection to private or individual right which the spirit and principles of our constitution and form of government require. It is possible, as has been suggested, that it may sometimes prove embarrassing in practice to determine when and to what extent the private rights of adjoining owners have been infringed, but such embarrassments are inseparable from the consideretion and determination of all similar questions. The difficulties in the way of ascertaining and determining them, by no means disprove their existence or show that they ought not to be recognized and enforced.

For the reasons, therefore, which are so well stated by the court of Ohio, and in the other decisions and

opinions to which reference has been made, we hold that the laying down of the rails and running of the cars in the manner shown by this case, is not the appropriation of the street to a new use, requiring compensation to be made therefor to the plaintiff, unless he has shown that he will suffer some private and peculiar injury by being deprived of that free access to his premises which otherwise he would continue to have and enjoy. This also is claimed. The building upon the premises is a store, used and occupied by the plaintiff as a wholesale merchant, and into and from which many heavy articles have to be constantly received and taken by wagons and drays, which are loaded and unloaded in front of the store and upon the street in question. The custom, as described by counsel, though not fully shown by the affidavits, is to back the wagons or drays up to the curb-stone or sidewalk, and to discharge or receive freight to and from the store across the sidewalk. The laying of the rails and running of the cars on that side of the middle of the street where the store is, though near the middle, will interfere with and prevent this custom. Sufficient space will not be left between the curb-stone or sidewalk and the railway track, for the teams with wagons or drays to stand at a right angle with or crosswise of the street. The heads of the horses will come in contact with the passing cars. Such is the obstruction of which the plaintiff complains, or the private and peculiar injury for which he seeks redress. Has he any such private right or easement in the street in front of his store? It is clearly our opinion that he has not. The public authorities may permit such use of the street so long as they please, or until public convenience demands it should cease; but the plaintiff cannot insist upon it as a right in himself. When the space thus occupied by his teams is required for public travel, or the passage of vehicles of any kind authorized by the public,

his occupation becomes an obstruction and a nuisance, and he must turn his teams the other way, or lengthwise of the street, which may be done and yet the loading and unloading take place without any very great additional trouble or inconvenience to him.    At all events he has no right to insist upon such use and occupancy of the the street when the public authorities have signified their unwillingness, as they have done by authorizing the laying down of the railway track in question.

. *By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.