19615. FRANKLIN, adm'x, *et al. v.* CITY OF ATLANTA.

DECIDED AUGUST 26, 1929.

320

*Walter A. Sims,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) Paragraph 1 of section 2 of article 1 of the constitution of Georgia (Civil Code of 1910, § 6388) declares: "Private property shall not be

taken or damaged for public purposes without just and adequate compensation being first paid." Section 5506 of the Civil Code says: "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Section 3652 provides that "for every injury done by another to person or property, the law gives a right to recover, and a remedy to enforce it." It is not questioned that the city court of Atlanta had jurisdiction of this case. In *Smith* v. *Floyd County*, 85 *Ga.* 420 (11 S. E. 850), Chief Justice Bleckley said (p. 424) : "We thus have a constitutional right, an injury affecting that right, a court of competent jurisdiction, a defendant declared subject to suit, and a provision for the appropriate remedy. What room is there for doubt that the action is maintainable? On general principles, an ordinary action at law, where no specific remedy is pointed out by statute, is available." In *Mayor &c. of East Rome* v. *Lloyd*, 124 *Ga.* 852 (53 S. E. 103), the court said: "Since the adoption of the constitution of 1877, a municipal corporation is liable to a property owner for consequential damages resulting from raising the grade of a street in front of his premises, thereby impairing or destroying his means of ingress and egress. *City of Atlanta* v. *Green*, 67 *Ga.* 386, 389. The measure of damages is the resultant diminution in the market value of his property. *Roughton* v. *Atlanta*, 113 *Ga.* 948 [39 S. E. 316]." In *City of Atlanta* v. *Green*, supra, Justice Speer said: "Now this was private property, and the improvement of the street was being made for public use, and if the property was damaged thereby, why would not this plaintiff below be entitled to just compensation for such damages." Citing a number of cases to support the proposition, Judge Russell, in *Mayor &c. of Americus* v. *Phillips*, 13 *Ga. App.* 321 (79 S. E. 36), said: "A municipal corporation is liable to a property owner for the damage consequent upon altering the grade of the street or sidewalk in front of his premises, whereby his means of ingress and egress are impaired or destroyed or a diminution of the market value of his property results." In *Central of Ga. Ry. Co.* v. *Garrison*, 12 *Ga. App.* 369 (2) (77 S. E. 193), it was held: "Every owner of property which abuts upon a street has a property right in the street, as an easement for the purpose of access to his premises, and a deprivation of this private right is, prima facie, in the absence of proof of compensation, contrary to law." The case of *Campbell* v. *Metro-*

*politan Street Railroad Co.,* 82 *Ga.* 320, 326 (9 S. E. 1078), grew out of the construction and operation of a horse railway in one of the public streets of Atlanta. Headnote 1(*a*) of the decision in that case is as follows: "Under the present constitution, whether the property is taken or not, if it is damaged by the construction or operation of improvements made for the use of the public, its owner can recover whatever damage it has actually sustained." In the decision Justice Simmons said: "If special damage is caused to property along the line of such railway by the construction or operation thereof, in our opinion, the owner of the property is entitled to recover the amount of the damages which his property has actually sustained. Applying this rule to the case at bar, we find that the declaration asserts, in substance, that the plaintiff, by reason of the construction and operation of this railroad, was virtually deprived of ingress and egress to and from his property, and that his property, for the reason aforesaid, was damaged to the extent of $2000. If these allegations are true (and the demurrer admits them to be true for the purposes of this case), we do not see why the plaintiff would not be entitled to recover." Justice Simmons quoted with approval from the case of Street Railway *v.* Cumminsville, 14 Ohio St. 523, and from Hobart *v.* Milwaukee City Railroad Co., 27 Wis. 200 (9 Am. R. 461), in support of the principle just announced, and said: "We quote these extracts with approval, and think they are even more applicable in this State than in those States, because the new rule as to damage to private property is not expressly embraced in the constitutions of those States." See *Mayor &c. of Cedartown* v. *Vann,* 13 *Ga. App.* 111 (78 S. E. 829).

The judge erred in sustaining the demurrer.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., dissents.*