### 21141.  Atlanta Coca-Cola Bottling Company v. Dean.

Bell, J. 1. "When it is shown that the defendant owned or controlled the thing which, when properly constructed, maintained, or operated, did not, in the ordinary course of events, so act as to injure those near by, proof that damage was caused by such thing affords reasonable evidence that the injury was occasioned by want of ordinary care. Prima facie that want of due care should be referred to him under whose management and control the instrument of injury was found." *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106, 109 (43 S. E. 443) ; *Atlanta Coca-Cola Bottling Co.* v. *Shipp*, 41 *Ga. App.* 705 (2) (154 S. E. 385). Despite some discrepancies in the evidence, the jury were authorized to find that the beverage consumed by the plaintiff, which he alleged was contaminated by a foreign substance and made him sick, was purchased and obtained by him from a merchant, who in turn had bought

it from the defendant bottling company, and that its condition was not changed from the time it was sold and delivered by the defendant until it was consumed by the plaintiff. It was thus within the province of the jury to apply the maxim res ipsa loquitur and to find against the defendant upon the issue as to its negligence. •

2. Where an action in tort is brought against two defendants, the petition may be amended by striking one of such defendants as a party; "and if this is done, without otherwise altering the language of the petition, all the substantial allegations of the petition will thereafter be read and understood as if there had been only one defendant originally." *Seaboard Air-Line Railway* v. *Randolph*, 126 *Ga.* 238 (55 S. E. 47); *Keough* v. *Georgia Power Co.*, 40 *Ga. App.* 336 (3, 5) (149 S. E. 435). If after such amendment, made only for the purpose of striking a party, the allegations as to the negligence of the party stricken could still be introduced as evidence against the plaintiff on the question as to whose negligence was responsible for the injury (*Clift & Goodrich Inc.* v. *Mincey Mfg. Co.*, 41 *Ga. App.* 38, 152 S. E. 136), the plaintiff would not be conclusively bound thereby, as in the case of solemn admissions in judicio, but such allegations, being in effect stricken by amendment, could be considered only as evidence; and where the other evidence was sufficient to show that the injury was in fact attributable to the negligence of the defendant, a verdict for the plaintiff would not be unauthorized merely because of the original condition of the pleadings. *Alabama Midland Ry. Co.* v. *Guilford*, 114 *Ga.* 627 (40 S. E. 794); *Mims* v. *Jones*, 135 *Ga.* 541 (69 S. E. 824); *McConnell* v. *Gregory*, 146 *Ga.* 475 (91 S. E. 550).

3. There is no merit in any of the special grounds of the motion for a new trial. The evidence authorized the verdict, and the court did not err in overruling the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 26, 1931. REHEARING DENIED AUGUST 28, 1931.

*Harold Hirsch, Marion Smith, T. J. Long,* for plaintiff in error.
*J. E. Kelley, W. H. Terrell,* contra.