22222. CITY OF ATLANTA *v.* FRANKLIN.

DECIDED JUNE 14, 1932.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.

*Walter A. Sims,* contra.

LUKE, J. When this case was formerly before this court the right of the plaintiff to recover upon the facts alleged in her declaration was adjudicated in her favor. 40 *Ga. App.* 319 (149 S. E. 326). An application for certiorari presented by the City of At-

lanta was denied by the Supreme Court. We may, therefore, dispose of the request made by plaintiff in error in its brief, for permission to have the decision in that case reviewed and reversed, with the suggestion that such a request does not seem to be in accord with any prescribed orderly procedure. The former decision of this court in this case has become the law of the case and can not be overruled by this court.

A verdict and judgment were awarded in favor of the plaintiff upon the trial of this case in the superior court; the defendant's motion for a new trial was denied, and exception was taken. The amendment to the motion for a new trial presents sixteen separate assignments of error. Of these assignments those numbered 3 and 15, respectively, are not noticed in the brief of counsel for plaintiff in error, and are therefore regarded as abandoned. As to the general grounds of the motion, there seems to be no contention that there was no evidence to sustain the verdict and judgment, but, in any event, the nature of the evidence adduced upon the trial seems clearly to preclude such a contention.

The questions raised by the first and second special grounds, that the notice of claim filed with the city was in the name of "Mrs. Lurline A. Franklin, administratrix of the estate of E. L. Lawson, deceased," and that the notice stated that the work (from which the damages resulted) was done in 1925, while the declaration alleged that the work was done in 1924, are not regarded as material. Substantial compliance with the statute providing for such notice is deemed sufficient. *Maryon* v. *Atlanta,* 149 *Ga.* 35, 36 (99 S. E. 116); *Carruthers* v. *Hawkinsville,* 171 *Ga.* 313, 315 (155 S. E. 520); *City of East Point* v. *Christian,* 40 *Ga. App.* 633 (5), 635 (151 S. E. 42). Ground 4 complains that certain evidence admitted was irrelevant. Under repeated rulings, the admission of such evidence, unless in its nature manifestly prejudicial or the assignment of error shows wherein it was harmful to the movant, is not such error as to afford ground for a new trial. *Fountain* v. *State,* 23 *Ga. App.* 113 (4) (98 S. E. 178).

We have examined with considerable care and patience each of the remaining assignments of error mentioned in the briefs and the authorities cited in their support. Without intending any disparagement of the ingenuity of counsel, or their industry, nevertheless, for the reason that none of these grounds seem to involve mat-

ters of substance, and that no injustice seems to have been done in the premises, we refrain from discussing them seriatim, and hold that they are devoid of merit.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*