28358. ALBANY COCA-COLA BOTTLING CO. *v.* SHIVER.

DECIDED NOVEMBER 29, 1940.

*R. B. Williamson, J. H. Tipton,* for plaintiff in error.
*Ford & Houston,* contra.

STEPHENS, P. J.   (After stating the foregoing facts.)

■ While this suit was brought against both the Albany Coca-Cola Bottling Company and Moree, and was tried against both defendants, we are concerned with the case only as respects the company. The company, in its demurrer to the petition, motion to dismiss the petition, plea to the jurisdiction, and in exceptions in the amended motion for new trial to several excerpts from the charge of the court, insists that the company was not a joint tortfeasor with Moree, and that therefore the city court of Sylvester in Worth County had no jurisdiction of the company, a resident of Dougherty County and a non-resident of Worth County. Under the constitution of this State, Code, § 2-4304, joint tort-feasors may be sued together in the county in which either one resides. *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870). If the two defendants in this case were not joint tort-feasors the suit in the city court of Sylvester in the County of Worth, was not maintainable against the bottling company, a non-resident of the County of Worth and a resident of the County of Dougherty.

It was not essential to the constitution of the two defendants as joint tort-feasors that they owed the same duty or should be guilty of the same act of negligence. It was sufficient if each owed a separate and distinct duty to the person injured, and was guilty of a separate and distinct act of negligence, provided only that the separate acts of negligence concurred in proximately causing the injury. A bottling company which is engaged in the business of bottling a beverage known as coca-cola, to be sold and consumed by the public, owes a duty to the public to exercise ordinary care to prevent the presence in the bottles of foreign, deleterious substances, such as broken glass, which might injure persons drinking from the bottle. Likewise, a dealer who sells bottled beverages to the public for consumption is under a duty to a person to whom he may sell the beverage to exercise ordinary care to prevent the presence in the bottle of deleterious substances which might injure the person drinking the beverage. A failure of the bottling company to exercise ordinary care in bottling the product and selling it to retailers, and a failure of the retailer to exercise ordinary care in selling the product, which is in a transparent bottle, to a customer constitute separate and distinct acts of negligence, but both acts of negligence concurring may be productive of the injury to a customer of the dealer, the person drinking the beverage. Where the

negligence of both the bottling company and the dealer causes the injury the bottling company and the dealer are joint tort-feasors. They may be sued jointly in the county in which either resides. *Maddox Coffee Co.* v. *Collins,* 46 *Ga. App.* 220 (167 S. E. 306); *Davis* v. *Williams,* 58 *Ga. App.* 274 (3) (198 S. E. 357); *Jolly* v. *City of Atlanta,* 37 *Ga. App.* 666 (141 S. E. 223). The court did not err in overruling the demurrer to the petition and the motion to dismiss the petition.

The evidence was sufficient to authorize the finding that both defendants were guilty of negligence in handling the bottled coca-cola as alleged in the petition, although the acts of negligence were separate and distinct. The jury was authorized to find that they were joint tort-feasors, and therefore was authorized to find against the bottling company's plea to the jurisdiction. There is no merit in the exceptions to the charge of the court on the ground that the charge instructed the jury that the parties could be joint tort-feasors notwithstanding each may have owed a separate duty to the plaintiff and may have been guilty of a separate and distinct act of negligence, where both acts of negligence contributed to the injury.

■ The company excepts to the charge by the court of the doctrine of res ipsa loquitur, on the ground that the charge was not authorized by the pleadings or the evidence. The evidence sustained the allegations in the petition that the company bottled the particular bottle of coca-cola for the purpose of being sold and its contents consumed by the purchaser, and delivered it to the dealer who sold it to the plaintiff; that the bottle contained glass which the plaintiff swallowed to his injury; and that the bottle was not opened from the time it left the plant of the company to the time it was opened by the dealer and delivered to the plaintiff. There was no evidence from which the jury could have found that the glass got into the bottle from the act of any one other than the bottling company, and the jury was authorized to find that the glass got into the bottle as the result of some one's negligence. The doctrine of res ipsa loquitur was applicable. In *Atlanta Coca-Cola Bottling Co.* v. *Dean,* 43 *Ga. App.* 682 (160 S. E. 105), it was held: "'When it is shown that the defendant owned or controlled the thing which, when properly constructed, maintained, or operated, did not, in the ordinary course of events, so act as to

injure those near by, proof that damage was caused by such thing affords reasonable evidence that the injury was occasioned by want of ordinary care. Prima facie that want of due care should be referred to him under whose management and control the instrument of injury was found.' *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106, 109 (43 S. E. 443); *Atlanta Coca-Cola Bottling Co.* v. *Shipp,* 41 *Ga. App.* 705 (2) (154 S. E. 385). Despite some discrepancies in the evidence, the jury were authorized to find that the beverage consumed by the plaintiff, which he alleged was contaminated by a foreign substance and made him sick, was purchased and obtained by him from a merchant, who in turn had bought it from the defendant bottling company, and that its condition was not changed from the time it was sold and delivered by the defendant until it was consumed by the plaintiff. It was thus within the province of the jury to apply the maxim res ipsa loquitur and to find against the defendant upon the issue as to its negligence." The court did not err in charging the doctrine of res ipsa loquitur.

■ The evidence authorized the finding that the beverage which was sold to the plaintiff by Moree was in a transparent bottle, and that at the place when and where it was sold to the plaintiff it was not dark but was light. There was evidence that there was in the bottle a large piece of glass. A witness testified that the plaintiff could have seen the glass in the bottle had he looked, and that the plaintiff had as good an opportunity for seeing the glass as did Moree. The evidence made an issue whether the plaintiff was negligent in not discovering the existence of the glass in the bottle before he drank from the bottle. The plaintiff alleged in the petition that by the exercise of ordinary care he could not have discovered the broken glass in the bottle. In its plea the defendant averred that for lack of sufficient information it could neither admit nor deny this allegation. The jury was authorized to find that the plaintiff by the exercise of ordinary care could have seen the glass in the bottle before he drank from the bottle, and could have concluded that the injury received by the plaintiff was the result of his own negligence. It was therefore error for the court to fail to charge a timely written request, as contained in ground 14 of the amended motion for new trial, to the effect that a duty rested upon the plaintiff to exercise ordinary diligence and reasonable care for

his own protection, and that if the jury should find that there were pieces of glass in the bottle of coca-cola, and that the plaintiff drank from the bottle and suffered injury as a consequence, the jury should look to the evidence and consider the opportunities of the plaintiff to discover the pieces of glass in the bottle before drinking from the bottle, in the exercise of his duty to himself, and if the jury should find that the plaintiff by ordinary care could have avoided the consequences to himself he would not be entitled to recover any amount as against either or both of the defendants. Nowhere did the court charge this principle of law. Therefore the failure to charge the jury as requested was error harmful to the bottling company. This error demands the grant of a new trial. The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*