28359. MOREE *v.* SHIVER.

DECIDED NOVEMBER 29, 1940.

*R. B. Williamson, J. H. Tipton,* for plaintiff in error.
*Ford & Houston,* contra.

STEPHENS, P. J. W. P. Moree was sued jointly with Albany Coca-Cola Bottling Company, by Hard Shiver to recover damages alleged to have been sustained by the plaintiff as the result of swallowing glass when drinking from a bottle containing a beverage known as coca-cola, which had been bottled and put on the market by Albany Coca-Cola Bottling Company, and by it sold to Moree and by him sold to the plaintiff. The defendants were sued as joint tort-feasors on the ground that through the concurring negligence of both defendants the bottle of coca-cola which the plaintiff drank contained pieces of glass. A verdict was found for the plaintiff against both defendants. The defendants moved separately for a new trial, and on the overruling of the motions came to this court on separate bills of exceptions.

We are now considering the case on the bill of exceptions brought by Moree. The grounds of the motion for new trial in his case are substantially the same as those in the motion for new trial in the Albany Coca-Cola Bottling Company case. As the suit was against both defendants jointly, the petition and the brief of evidence in this case are identically the same as the petition and the brief of evidence appearing in the record in this court in the case of *Albany Coca-Cola Bottling Co.* v. *Shiver*, ante. The rulings in that case, with the exception of those with reference to the jurisdiction of the court of the defendant Albany Coca-Cola Bottling Company, and the one with reference to the charge to the jury of the doctrine of res ipsa loquitur as applied to the case against the Albany Coca-Cola Bottling Company, are applicable to the case as against Moree. Reference is here made to the statement of facts and the opinion of this court and the rulings in that case. With the exceptions indicated the rulings in that case are hereby adopted as the rulings in this case.

The court charged, as applicable to both defendants, the doctrine of res ipsa loquitur, and that the jury could consider whether this doctrine applied. In the bottling company case we held that the charge was not error as to the bottling company. The evidence presents a different situation as respects the applicability of this doctrine to the case against Moree. As, from the nature of the case, the act of Moree in serving to the plaintiff a bottle of coca-cola with glass in it, which Moree did not bottle but which he bought from the bottling company could not in itself be negligence, but would be negligence only when done under circumstances which would show negligence on the part of Moree, the doctrine of res ipsa loquitur was not applicable. It was therefore error for the court to give in charge this doctrine as applicable to the case made against Moree.

As the plaintiff alleged in the petition that by the exercise of ordinary care he could not have discovered the broken glass in the bottle, and this was denied by the defendant, and, as is seen from the opinion in the bottling company case, the evidence was sufficient to authorize the jury to find that the plaintiff was negligent in failing to discover the presence of glass in the bottle before he drank from it, it was error for the court to refuse to charge the written request timely made by the defendant as appears in the

opinion in the bottling company case to the effect that the duty rested upon the plaintiff to exercise ordinary diligence and reasonable care for his own protection, and that if the jury should find that there were pieces of glass in the bottle, and that the plaintiff drank from the bottle and suffered injury as a consequence, and if the plaintiff by the exercise of ordinary care could have avoided the consequences to himself he would not be entitled to recover, where this principle of law had not been elsewhere given in charge. Otherwise the case is controlled by the rulings in the bottling company case. The court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*