29368. ALBANY COCA-COLA BOTTLING CO. *v.* SHIVER.

DECIDED MAY 15, 1942.

*J. H. Tipton,* for plaintiff in error. *Ford & Houston,* contra.

GARDNER, J. This is the second appearance of this case. See *Albany Coca-Cola Bottling Co.* v. *Shiver,* 63 *Ga. App.* 755 (12 S. E. 2d, 114). The facts were fully set out in the former opinion, and for the purposes of this decision we refer to our previous statement without again specifying the facts in detail.

Under the principle of the law of the case the issues which were decided when the case was here before are binding on this court and on the trial court. In *City of Atlanta* v. *Franklin,* 45 *Ga. App.* 303 (164 S. E. 685), it was held: "When this case was formerly before this court the right of the plaintiff to recover upon the facts alleged in her declaration was adjudicated in her favor. . . The former decision of this court in this case has become the law of the case." See also *Williamson Stone Co.* v. *Whitestone Marble Co.,* 36 *Ga. App.* 230 (136 S. E. 180). It may be added that there were no pleadings involved on the second trial which were different from those involved on the first trial, and the evi-

dence was substantially and to all intents and purposes the same on both trials. Let us then inquire as to just what issues were considered and determined when this case was here before. Let us inquire whether the question as to jurisdiction of the bottling company was adjudicated on the former appearance of the case.

In the former opinion this court said: "The bottling company demurred to the petition as amended and moved to dismiss it on the ground that no joint cause of action was alleged against it and Moree, and that no cause of action was alleged against Moree in that no negligence was shown on his part; and that therefore it appeared from the petition that the company and Moree were not joint tort-feasors and that the city court of Sylvester, the court in which the action was brought, had no jurisdiction of the person of the company, a non-resident of the County of Worth; and that as to the company the petition should be dismissed. The company further demurred to a number of paragraphs of the petition as being conclusions of the pleader. The company filed a plea to the jurisdiction of the court as to the person of the defendant on the ground that it was a resident of the County of Dougherty and was a non-resident of the County of Worth in which the suit was brought, and was not a joint tort-feasor with the resident Moree. The company also filed a plea generally denying that it was guilty of any negligence as alleged, and denying liability to the plaintiff. The court overruled the demurrer and the motion to dismiss the petition as amended of the bottling company, which were based on the ground that it appeared from the petition that the defendants were not joint tort-feasors and the court had no jurisdiction over the bottling company, a non-resident defendant. The case proceeded to trial on the plea to the jurisdiction and the plea of general denial of the company, and against both defendants. The jury found a special verdict against the company on its plea to the jurisdiction, and found a verdict for the plaintiff against both the company and Moree in the sum of $500. The bottling company moved for a new trial on the general and certain special grounds, as will appear later. The court overruled the motion for new trial. The company excepted to the judgment overruling its demurrer to the petition and its motion to dismiss the petition as amended. . . The company, in its demurrer to the petition, motion to dismiss the petition, plea to the jurisdiction, and in ex-

ceptions in the amended motion for new trial to several excerpts from the charge of the court, insists that the company was not a joint tort-feasor with Moree, and that therefore the city court of Sylvester in Worth County had no jurisdiction of the company, a resident of Dougherty County and a non-resident of Worth County." And: "A bottling company which is engaged in the business of bottling a beverage known as coca-cola, to be sold and consumed by the public, owes a duty to the public to exercise ordinary care to prevent the presence in the bottles of foreign, deleterious substances, such as broken glass, which might injure persons drinking from the bottle. Likewise, a dealer who sells bottled beverages to the public for consumption is under a duty to a person to whom he may sell the beverage to exercise ordinary care to prevent the presence in the bottle of deleterious substances which might injure the person drinking the beverage. A failure of the bottling company to exercise ordinary care in bottling the product and selling it to retailers, and a failure of the retailer to exercise ordinary care in selling the product, which is in a transparent bottle, to a customer constitute separate and distinct acts of negligence, but both acts of negligence concurring may be productive of the injury to a customer of the dealer, the person drinking the beverage. Where the negligence of both the bottling company and the dealer causes the injury the bottling company and the dealer are joint tort-feasors. They may be sued jointly in the county in which either resides. *Maddox Coffee Co.* v. *Collins,* 46 *Ga. App.* 220 (167 S. E. 306); *Davis* v. *Williams,* 58 *Ga. App.* 274 (3) (198 S. E. 357); *Jolly* v. *City of Atlanta,* 37 *Ga. App.* 666 (141 S. E. 223). The court did not err in overruling the demurrer to the petition and the motion to dismiss the petition.

"The evidence was sufficient to authorize the finding that both defendants were guilty of negligence in handling the bottled coca-cola as alleged in the petition, although the acts of negligence were separate and distinct. The jury was authorized to find that they were joint tort-feasors, and therefore was authorized to find against the bottling company's plea to the jurisdiction."

It would seem that the judgment overruling the general demurrer and motion to dismiss the petition, rendered on the first trial, which judgment this court held was not erroneous, settled the question of jurisdiction adversely to the plaintiff in error. It

was held in *Willie* v. *Willie,* 154 *Ga.* 688, 692 (115 S. E. 257):
"Want of jurisdiction, when apparent on the face of the . . petition, should be taken advantage of by demurrer." It follows that, since this issue as between the parties had been adjudicated, the court did not err as against the bottling company in again submitting this issue along with the issue in the main case. The plaintiff was but getting, on this issue, a second trial to which he clearly was not entitled. We do not mean to pass on the question whether, if this issue had not been adjudicated, the court would have erred in submitting the question of jurisdiction along with the general issue.

Under the allegations of the petition, this court held in its former opinion that the court did not err in charging the doctrine of res ipsa loquitur as to the bottling company. But, in *Moree* v. *Shiver,* 63 *Ga. App.* 761 (12 S. E. 2d, 118), it was held that the court did err in charging the maxim as to Moree. It follows that, if the allegations of the petition were proved, an inference of negligence arose against the bottling company, which, of course, could be overcome by evidence rebutting the inference in favor of Shiver against the bottling company. A further discussion of such issue here brings us into the question whether or not the evidence as a matter of law authorized the verdict. This phase we will discuss later in this opinion. We mention it here only for the reason that this doctrine is applicable to the case and has been so adjudicated in so far as the bottling company is concerned. We refer to the second division of the former opinion of this court for details of the ruling on this particular question.

Persons may be joint tort-feasors, though separate and distinct acts of negligence are alleged against them, where both concur to proximately produce the injury. It was likewise held, in said former decision, page 758: "Where the negligence of both the bottling company and the dealer causes the injury the bottling company and the dealer are joint tort-feasors. They may be sued jointly in the county in which either resides." The court further held that the case should be reversed on two grounds (1), that the doctrine of res ipsa loquitur did not apply to Moree, the alleged joint tort-feasor with the bottling company and retailer of the coca-cola, and (2) because the court failed to charge the jury to the effect that the duty rested on the plaintiff to exercise ordinary

diligence and reasonable care for his own protection, and that if the jury should find that there were pieces of glass in the bottle, and the plaintiff drank from the bottle and suffered injury as a consequence, and that the plaintiff by the exercise of ordinary care could have avoided such injury, he could not recover. Therefore, under the record of the instant case, viewed in the light of the previous decision of this court, wherein the same allegations of the petition and practically the same evidence were involved, there is but one issue here presented, though it is viewed by the plaintiff in error from a number of angles. That question is, whether the evidence in the instant case authorized the verdict.

The bottling company amended its motion for a new trial by adding twenty-three special grounds. The fourth ground of the amended motion deals with the jurisdictional question which we have already discussed. There is no merit in this ground. Grounds 5 to 12, inclusive, are but different viewpoints of the general grounds, which we will discuss later. Grounds 13 to 23, inclusive, complain of specific charges of the court, and are to the general effect that the evidence did not authorize these charges. In effect, these objections to the charges go to the general grounds that the evidence did not authorize them and therefore did not authorize the verdict. We will deal with these phases in a discussion of the general grounds, as we find no merit in them if the general grounds are without merit.

Let us examine the evidence to determine whether or not the verdict was supported thereby. Did the evidence present a jury question as to the doctrine of res ipsa loquitur? Or was the inference which arose under the principle of this doctrine overcome by the evidence as a matter of law? Did the evidence present a jury question as to the negligence of the retailer, Moree? Or, as a matter of law, did it demand a finding in favor of Moree and consequently in favor of the bottler? The question is controlled adversely to the bottling company by *Atlanta Coca-Cola Bottling Co.* v. *Dean,* 43 *Ga. App.* 682 (160 S. E. 105) : "'When it is shown that the defendant owned or controlled the thing which, when properly constructed, maintained, or operated, did not, in the ordinary course of events, so act as to injure those near by, proof that damage was caused by such thing affords reasonable evidence that the injury was occasioned by want of ordinary care. Prima

facie that want of due care should be referred to him under whose management and control the instrument of injury was found.' *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106, 109 (43 S. E. 443); *Atlanta Coca-Cola Bottling Co.* v. *Shipp,* 41 *Ga. App.* 705 (2) (154 S. E. 385). Despite some discrepancies in the evidence, the jury were authorized to find that the beverage consumed by the plaintiff, which he alleged was contaminated by a foreign substance and made him sick, was purchased and obtained by him from a merchant, who in turn had bought it from the defendant bottling company, and that its condition was not changed from the time it was sold and delivered by the defendant until it was consumed by the plaintiff. It was thus within the province of the jury to apply the maxim res ipsa loquitur and to find against the defendant upon the issue as to its negligence."

There are numerous other decisions of this court to the same effect, but we do not deem it necessary to cite further authority. From the evidence in this case there is no question that the most modern machinery and the most scientific methods were accessible and used in the bottling of the coca-cola in question, and it would seem that if the human element which entered into the processing of this particular bottle had not, for some reason or other, been at least momentarily negligent, the foreign substance could not possibly have got into the bottle. Such is the effect of the ruling in the case cited above. It does not appear from the record just what employee of the company furnished this human element of inspection etc. We know that it would be difficult to ascertain the name of such agent or employee, but it was not done, hence the reason for the rule of res ipsa loquitur. We therefore have no authority, as a matter of law, to hold that, because the most modern machinery and the most scientific methods were used by the bottler, some employee or agent "down the line" was not negligent. It was a jury question under all the facts and circumstances.

It is argued that Shiver, purchaser of the coca-cola, had the same opportunity to examine the coca-cola after he purchased it and before he drank it, as Moree, the retailer. We do not think the record of the evidence will bear the retailer out in this premise from which he argues, but conceding that it does, still it would not necessarily follow that the retailer would not be liable. It was held in *Davis* v. *Williams,* 58 *Ga. App.* 274 (5) (198 S. E. 357):

"The duty in this case on the part of the dealer in food (coca-cola) sold for immediate consumption is different from the duty of the buyer. It is 'a jury question whether it was the duty of the dealer to know or whether he ought, in the exercise of reasonable care, to have known of the alleged defect, if it existed; whereas the duty of the buyer arises only after knowledge and there is no duty to know. 'Even if it be conceded that under the allegations of the petition both the plaintiff and the defendant were negligent in failing to exercise the duty which the law imposed upon them respectively, the court could not say as a matter of law that the plaintiff's injuries were due solely to his failure to exercise ordinary care rather than to the defendant's negligence.' *Collins* v. *Augusta-Aiken Railway & Electric Cor.*, 13 *Ga. App.* 124, 129 (78 S. E. 944)." It will thus be observed that while both the seller and the purchaser must exercise ordinary care, that is, the same degree of care, different duties are imposed on the retailer and on the purchaser. In view of this holding, the contentions of the parties were jury questions. The jury resolved the issues in favor of Shiver. There was evidence to sustain the verdict. The charge was clear, full, and correct. The court did not err in overruling the motion for new trial. *Judgment affirmed. MacIntyre, J., concurs.*

BROYLES, C. J., concurring specially. This court in passing upon this same case in 63 *Ga. App.* 755, 759, supra, ruled as follows: "The evidence was sufficient to authorize the finding that both defendants were guilty of negligence in handling the bottled coca-cola as alleged in the petition, although the acts of negligence were separate and distinct. The jury was authorized to find that they were joint tort-feasors, and therefore was authorized to find against the bottling company's plea to the jurisdiction." In that case the following additional rulings were made: (a) the doctrine of res ipsa loquitur was properly given in charge to the jury; (b) the evidence raised an issue for the determination of the jury as to whether the plaintiff, by the exercise of ordinary care, could have avoided the consequences to himself of the defendants' negligence. It is well-settled law that the former rulings of this court in this case, whether right or wrong, have become the law of the case, and are controlling in our consideration of the trial now under review, since the pleadings and the evidence on the two trials are substantially identical. (If it were an open question, I would favor

holding that, since the doctrine of res ipsa loquitur could not be applied to the resident defendant Moree, there was no evidence authorizing a finding that Moree failed to use ordinary diligence in the handling and sale of the bottle of coca-cola, and therefore that the finding against the plea of jurisdiction filed by the non-resident defendant was contrary to law and the evidence.) In our former decision of the case, the judgment was reversed solely because of a certain error in the court's charge. On the trial now under review that error was eliminated from the charge. Under the previous rulings of this court in this case, the verdict in the trial now under review was authorized, and the special assignments of error are without merit. I do not concur in all of the rulings made in the majority opinion and in the headnotes.