**31600.   MONROE MOTOR EXPRESS** *et al. v.* JACKSON.

DECIDED OCTOBER 11, 1947.   REHEARING DENIED DECEMBER 12, 1947.

*Erwin Nix & Birchmore, James W. Arnold, Roberts & Roberts,* for plaintiffs in error.

*A. M. Kelly,* contra.

MACINTYRE, P. J.   Mary Lee Jackson brought suit for damages against Monroe Motor Express, a corporation, and its insurance carrier, American Fidelity & Casualty Company Inc., for the death of her husband, Cap Jackson, who died from injuries alleged to have been sustained as a result of the negligence of Rufus Akridge an employee of the Motor Express, while driving one of its freight-carrying vehicles from Atlanta to Monroe in the usual and ordinary course of the company's business.

This is the second appearance of this case in this court.   The first trial resulted in a verdict for the plaintiff, and both defendants excepted to the overruling of their separate motions for new trial.   This court reversed the judgment of the trial court in the case of *Monroe Motor Express* v. *Jackson,* 74 *Ga. App.* 148 (38 S. E. 2d, 863), and the rulings therein made controlled the case of *American Fidelity & Casualty Co.* v. *Jackson,* 74 *Ga. App.* 159 (38 S. E. 2d, 871).

The second trial resulted in a verdict for the plaintiff, and the defendants filed a joint motion for new trial, which was overruled, and then filed one bill of exceptions excepting to the judgment rendered by the trial judge.

For a statement of the facts and pleading, see *Monroe Motor Express* v. *Jackson,* supra, and *American Fidelity & Casualty Co. Inc.* v. *Jackson,* supra.

When this case was formerly before this court, it was held that the evidence did not authorize the jury to find that Akridge, the driver of the Monroe Motor Express truck, in permitting the plaintiff's husband to ride thereon, was acting with the consent or knowledge of the Motor Express, or that he had implied

authority of the Motor Express to permit the plaintiff's husband to ride in said truck.

As stated in *Albany Coca-Cola Bottling Co.* v. *Shiver*, 67 *Ga. App.* 359 (1) (20 S. E. 2d, 181), "When a case is brought to this court and the judgment of the trial court is reversed, all questions as to pleadings and the effect of evidence adjudicated by this court are binding as the law of the case on this court and, on a second trial of the case, in the court below, unless additional pleadings and evidence prevail to change such adjudications."

On the first appearance of this case (74 *Ga. App.* 148) this court stated: "Under the evidence in this case, every person who rode upon the trucks of the Motor Express, and whose presence there was known to its president and manager, was either an employee of the company, or one who rode upon the truck and who actually performed services for the Motor Express of a character that was usually paid for by the company. While some of these persons testified that they were not paid by the company for their services, it does not appear that the Motor Express, through its president and manager, had any knowledge that such persons were not paid for their services, or that some of them ever rode on the defendant's trucks. We do not think that the evidence in this case is sufficient to show an implied waiver by the company of its rule prohibiting anyone other than an employee, relief driver or helper or official of the company to ride upon its trucks, an implied consent and authority on the part of the Motor Express for the driver to permit the plaintiff's husband to ride on the truck on the occasion when he was injured."

The plaintiff contends that the testimony of Charles Landers, McLeroy Malcom, and Will Malcom shows that Perry, the president and manager of the Motor Express, did acquiesce in persons riding upon the trucks of the company who were not employees of the company or who were not performing services of a nature that would indicate to Perry that they were employees.

We have considered the testimony of all the witnesses, and we are of the opinion that the additional evidence does not in any material or substantial particular change or vary the case upon its actual merits as it appeared when here before.

The testimony of McLeroy Malcom, Will Malcom, and others was merely corroborative and cumulative of the evidence in the former trial, to say the most of it. It does not differ in quality but only in quantity as it bears on the question of implied waiver of the instructions given all the truck drivers to allow no one to ride who was not an employee, relief driver, helper, or official of Motor Express.

Thus, we think that the above—quoted statement from the report of the case when it was formerly before this court (*Monroe Motor Express* v. *Jackson*, 74 *Ga. App.* 148) is still applicable, unless the testimony of Jerdine Banks and Charles Landers, hereinafter referred to, makes it inapplicable.

Banks, who was one of the drivers for Motor Express but was not driving the truck on which the deceased was riding when he was killed, testified that he had received no instructions from the Motor Express relative to carrying passengers not extra hands.

Landers testified to the following effect: On one occasion he made a round trip with Jerdine Banks in one of the defendant's trucks from Monroe to Atlanta and from Atlanta to Monroe to do some shopping. On the first part of this trip he worked on the truck in loading and unloading it. He got out at the defendant's warehouse in Atlanta, did his shopping, and returned to the warehouse about ten o'clock that night to complete the return part of his trip to his home in Monroe. When he returned to the warehouse, there were several trucks being loaded at different loading doors. "The colored and white men were all loading together. I don't know how many white men were around there. I saw Mr. Perry when he would be coming out to the truck and giving the boys some papers and lists. He would have the papers in his hand. He was going from truck to truck giving them lists and superintending the work. I was standing up on the platform waiting for it to get loaded. I can't remember which one of the trucks pulled out first. Mr. Perry handed Jerdine his lists and we left. Mr. Perry was standing there when we left, because I asked Mr. Perry if it was all right for me to go back with him, and he said 'Yes.' " We think that the additional testimony of Landers did not change the situation, and that the law of the case as fixed in *Monroe Motor Express* v.

*Jackson,* supra, is applicable to the evidence presented on the second trial, now under review; and this is true whether we interpret the confused testimony of Landers as contained in the record as saying that on the trip now under discussion such witness, Landers, did not work on the truck in loading or unloading, or interpret it as saying that he did so work.

Relative to Cap Jackson, the deceased husband of the plaintiff and kinsman of the driver, Akridge, who wrecked the truck and killed the deceased, we think that the jury were not authorized to find that the Motor Express had impliedly waived their express instructions to Akridge, prohibiting "riders" on the trucks, and had impliedly consented and authorized Akridge to allow his deceased kinsman, Jackson, on the occasion in question, to ride on the Motor Express truck on which Jackson was killed.

The evidence did not authorize the verdict, and the trial judge erred in overruling the defendant's motion for new trial.

The defendants contend that this court should make a final disposition of this case by directing the trial court to dismiss the plaintiff's petition. Since we cannot foresee or predict what the plaintiff can or cannot prove, we cannot say, as a matter of law, that the plaintiff can never show a materially different state of facts, and we do not think that we should, in the instant case, direct the trial court to dismiss the petition.

*Judgment reversed. Gardner and Townsend, JJ., concur.*