35936. SHOCKLEY *v.* NUNNALLY *et al.*

NICHOLS, J. 1. "When a court passes upon a motion for a nonsuit it decides only one question, that is, do the allegation and the proof correspond? . . . The right to recover under the facts alleged is not involved in the decision of such a motion. If a plaintiff 'proves his case as laid,' he is entitled to prevail as against a nonsuit." *Gray* v. *Schlapp,* 92 *Ga. App.* 261 (88 S. E. 2d 536), and cases cited.

2. "When a case is brought to this court and the judgment of the trial court is reversed, all questions as to pleadings and the effect of evidence adjudicated by this court are binding as the law of the case on this court and, on a second trial of the case, on the court below, unless additional pleadings and evidence prevail to change such adjudications." *Albany Coca-Cola Bottling Co.* v. *Shiver,* 67 *Ga. App.* 359 (1) (20 S. E. 2d 181). See also *Rackley* v. *Miller,* 200 *Ga.* 717 (38 S. E. 2d 404); *Monroe Motor Express* v. *Jackson,* 76 *Ga. App.* 280 (45 S. E. 2d 445).

3. On the first appearance of this case before this court it was held that the evidence presented a case differing from that alleged. *Nunnally* v. *Shockley,* 91 *Ga. App.* 767, 769 (87 S. E. 2d 115). On the second trial the evidence presented was substantially the same as that presented on the first trial, and although the plaintiff testified on the second trial that she "tripped in the lobby" the evidence shows that the defect complained of was in the store operated by Crossley rather than in the lobby. Therefore, the trial court did not err in sustaining the defendant's motion for a nonsuit.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED FEBRUARY 8, 1956—REHEARING DENIED FEBRUARY 23, 1956.

*A. M. Kelley, D. M. Pollock,* for plaintiff in error.
*Orrin Roberts, Wm. P. Whelchel,* contra.